GEORGE WARREN *versus* LEVI WHITNEY *&c al.*

When a person has received a benefit from, or occasioned a loss to another, and a statute, or rule of public policy, protects him from making compensation, the moral obligation so to do remains, and constitutes a legal consideration for a promise to do it.

But a promise to pay a debt voluntarily discharged, is not binding for want of a legal consideration.

THE parties agreed upon a statement of facts, the material parts of which appear in the commencement of the opinion of the Court.

*Howard & Shepley* argued for the plaintiff, and contended that this case came within the general rule, that a moral obligation to pay a debt is a sufficient consideration for an express promise in writing so to do, when, as here, there was a good and sufficient original consideration for the promise. 2 H. Black. 116; 3 B. & P. 249, and note; 1 Chitty on Pl. 40; *Maxim* v. *Morse*, 8 Mass. R. 127.

The release, in this case, was made at the request and for the benefit of the defendants, and not for the benefit of the plaintiff; and in such case a new promise to pay the debt released is binding. *Valentine* v. *Foster*, 1 Metc. 520; Am. Jurist, vol. 21, 276.

*Barnes* and *E. H. Daveis*, for the defendants, contended that the promise, relied upon to support this action, was void in law, as a fraud upon the other creditors. Chitty on Con. (Perk. Ed.) 685 and 50; 13 Johns. R. 257; 16 Johns. R. 283; *Valentine* v. *Foster*, 1 Metc. 520. In the case last cited, the Court say, that the only case found, which holds that a promise to pay a debt, which the party has himself voluntarily discharged, is binding, is the case of *Willing* v. *Peters*, 12 Serg. & R. 177. The latter case has been overruled by the same Court in 9 Watts, 396.

The opinion of the Court was drawn up by

SHEPLEY J.—It appears from the case stated, that the defendants were indebted to the plaintiff before Jan. 16, 1836,

on a promissory note; and that on that day they made an assignment of their property for the benefit of their creditors. The assignment contained a release of all debts due from the defendants to their creditors. The plaintiff became a party to it, and thereby released his debt, and received a dividend upon it from the assignees. The defendants, by a contract in writing, made on March 14, 1836, promised to pay the plaintiff any balance of the debt, which might remain unpaid by the assignees. And they afterward paid a small amount of such balance. The plaintiff having voluntarily released his debt upon an agreement to receive his proportion of the property conveyed to the assignees, the transaction was equivalent to an accord and satisfaction. There was no longer a subsisting debt due from the defendants to the plaintiff; and no consideration for the new promise; unless a moral obligation to pay a debt, which has been discharged by payment of part only, can be considered sufficient.

This Court had occasion to consider and to deny, that a moral obligation can constitute in all cases a legal consideration for a contract, and to lay down some rules respecting it, in the case of *Farnham* v. *O'Brien*, 22 Maine R. 475. It was there stated, that when a person had received a benefit from, or occasioned a loss to, another, and a statute or rule of public policy protected him from making compensation, the moral obligation to do it remained, and would constitute a legal consideration for a promise to do it. When a debt has been voluntarily discharged, a case is not presented within the rule. The case of *Willing* v. *Peters*, 12 S. & R. 177, would however authorize the plaintiff to recover in this case. The authority of that case must be considered as essentially impaired, if not wholly destroyed, by the case of *Snevily* v. *Reed*, 9 Watts, 396. In the latter case, the plaintiff had discharged the defendant from custody under a ca. sa.; and thereby discharged the debt. The defendant subsequently promised to pay it; and the Court considered, that there was no legal consideration for the promise.

The case of *Stafford* v. *Bacon*, 1 Hill's R. 533, decided, that a promise to pay a debt voluntarily discharged, was not binding for want of a legal consideration.

The counsel for the plaintiff insist upon a distinction, that when the release is made at the request and for the benefit of the debtor, the new promise is binding; and that when not so made, it is not. The case of *Valentine* v. *Foster*, 1 Metc. 520, is referred to as establishing such a distinction. If the debt be released for the benefit of the debtor, it is not the less perfectly discharged. When a moral obligation has been properly held to constitute a legal consideration a plea of accord and satisfaction could not have been supported. The party must have pleaded a statute bar, or facts to bring his case within some rule of public policy forbidding a recovery, such as infancy or coverture. There is little similarity between such cases and a case, in which a party could have pleaded and have sustained his plea, that he had satisfied and paid the debt.

