Barrett, J.
The effect of a composition confirmed by the bankrupt court, under section 17 of the. act of June 22, 1874, is substantially the same as a discharge under section 32 of the act of March 2, 1867. In the one case the creditors resolve that a composition proposed by the debtor shall be “ accepted in satisfaction of the debts due to them from the debtor; ” ‘in the other, the court grants the bankrupt “a discharge from all his debts.” It is said that in the latter case the debt remains, and that the discharge merely operates against the remedy, while in the former case the debt itself is satisfied and extinguished. The language used must, however, be read in connection with the context, and in the light of the general purpose and spirit of the bankrupt act. For instance: the proceeding therein referred to is clearly a very different thing from an ordinary composition agreement. In general, a promise by a single creditor to accept less than the *420 full amount of his debt in complete satisfaction, cannot be enforced; and, to extinguish the debt without payment in full, a release under seal is required. Ordinary composition deeds between a debtor and his creditors are only binding on those executing them. Here, however, the creditors generally,—proper notice, be it assumed, having been given,—are bound by the terms of the composition. It has the same effect upon those voting against it, or not appearing at all, as upon the prime movers ; and the statutory minority are bound thereby, whether they accept the pro rata payment or not. As to the latter, are their debts, too, satisfied and extinguished, in the broad sense contended for, although they have opposed the entire arrangement and refused all pro rata payments % Evidently not. As against these creditors, the bankrupt could not ¡dead a mere accord and satisfaction or an extinguishment of the debt. He would be bound specially to set forth the completed composition proceedings under the act, and to rely upon the effect to be given to them, quite as much as if he had been discharged by the court, and were compelled to set that fact up. The composition is really a mere substitute for the discharge. It is simply a part of the general bankruptcy scheme—permissible only where proceedings are actually pending, and subject to be rejected or set aside by the court.
Again: provision is made in connection with the composition proceedings for determining the value of the debts of secured creditors, and it is declared that those who are fully secured are not entitled to vote upon the composition resolution without first relinquishing such security.
If the construction contended for by the defendants be correct, the debt of a secured creditor is absolutely extinguished by the acceptance of the composition, and thus the provision with respect to the relinquishment of security must be surplusage. Congress evidently *421 thought otherwise, and that, but for the provision in question, the secured creditor could have accepted his pro rata, and then proceeded to realize from the security the balance of his debt.
Clearly, then, the word “satisfaction” in section 17 is not to be construed in the broad sense .contended for, but as qualified by its surroundings, and the evident intent of the legislative body. The fair and reasonable construction of the provision in question is not that the debts are satisfied in the sense of absolute extinguishment for all purposes, but—in analogy to our State act as to compromises by partners and joint debtors—that the debtor himself is exonerated and released from all further liability thereon, while the remedy as to partners, indorsers and sureties is reserved and preserved. For these reasons, the court is of opinion that the defendants, as the bankrupts’ sureties,' were not released by the offer and acceptance of the compromise, nor by the receipt by the plaintiffs of their pro rata share thereof, although, as averred in the complaint, such receipt was “in full satisfaction of claims against principals.”
The demurrer must, therefore, be overruled with costs, but with leave to the defendants to answer over with twenty days, after payment of such costs.
Ordered accordingly.
No appeal was prosecuted.