(108 App. Div. 298.)

### KAUFMAN et al. v. SCHREIER et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

**1. BANKRUPTCY—DISCHARGE OF BANKRUPT—SUFFICIENCY OF SCHEDULE.**

Under Bankrupt Law, § 17 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), providing that "a discharge in bankruptcy shall release a bankrupt from all provable debts except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditors have notice or actual knowledge of the proceedings in bankruptcy," the surviving partner of a firm creditor was correctly scheduled as the creditor.

**2. SAME—NOTICE TO CREDITORS.**

Where it is shown that a creditor had actual notice of bankruptcy proceedings, he is bound by the discharge of the bankrupt, notwithstanding the notice was sent to him at an address where the creditor did not reside nor have a place of business.

Patterson, J., dissenting.

Appeal from Special Term, New York County.

Action by Joseph Kaufman and another against Arthur Schreier and another. From an order denying the motion of defendants Schreier to cancel the judgment, they appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Samuel P. Goldman, for appellants.
Joseph M. Williams, for respondents.

INGRAHAM, J. Joseph Kaufman and Leopold Oppenheimer recovered a judgment against the appellants on February 12, 1885, which judgment was duly docketed in the county clerk's office of New York county on the same day. On July 19, 1899, the judgment debtors were duly discharged in bankruptcy and upon such discharge they move to cancel the judgment.

In the schedules filed in the bankrupt proceedings the judgment creditor is referred to as "Joseph Kaufman, Bond street, New York City," and the notices required by the bankrupt law to be sent were sent to that address. It seems that Oppenheimer, one of the judgment creditors, died some years before the judgment debtors were adjudicated bankrupts, and that Kaufman, the other judgment creditor, was alive at the time the bankrupt proceedings were commenced. The name of the judgment creditor, Kaufman, was in the directory, down to the year 1899, as residing at No. 12 West Eighty-Third street, New York. An examination of the judgment roll would have disclosed the names of two judgment creditors, and

an examination of the city directories at the time these bankrupt proceedings were commenced disclosed Kaufman's residence. In the schedule of creditors annexed to the bankrupt proceedings Oppenheimer's name was not mentioned, and Joseph Kaufman was described as residing in Bond street, New York City, when in fact he did not reside there, nor had he any business place there. The judgment creditors were copartners; the copartnership consisting of Joseph Kaufman and Leopold Oppenheimer. Upon the death of Oppenheimer the copartnership property vested in the surviving partner, and Joseph Kaufman then became, as surviving partner, the bankrupt's creditor. He was correctly described in the schedule as the creditor. His residence was given as Bond street, New York. The notice was sent to him at that address, and there is evidence that that notice was not returned to the referee in bankruptcy. The bankrupts swore that they endeavored to ascertain his address without success; but it appeared without dispute that in 1899, while the bankrupt proceedings were pending, one of the bankrupts met Joseph Kaufman on Broadway, near Bond street, when Kaufman remarked to deponent that he saw that deponent and his brother were going through bankruptcy. The deponent thereupon said that he was, and talked the matter over with Kaufman; that subsequent to that conversation and before this motion was made Kaufman died. Section 17 of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance with the name of the creditor, if known to the bankrupt unless such creditors had notice or actual knowledge of the proceedings in bankruptcy."

I think that the name of the surviving partner, the creditor, was correctly scheduled, and the evidence shows that he had actual knowledge of the proceedings in bankruptcy and made no opposition to the discharge. If Oppenheimer had been alive at the time that the bankrupt proceedings were instituted, it is quite probable that his right would not have been cut off by the discharge, as he was not named as the creditor; but as he had died before the bankrupt proceedings were commenced, and the debt had vested in the surviving partner, I think it was sufficient to schedule the name of the surviving partner as the creditor, and, the surviving partner having had actual notice of the pendency of the bankrupt proceedings, the debt was discharged under the provisions of the bankrupt law, to which attention has been called.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted.

O'BRIEN, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.