## In re KUFFLER.

(District Court, E. D. New York. April 23, 1907.)

1. BANKRUPTCY—EXAMINATION OF BANKRUPT—RIGHTS OF SCHEDULE CREDITOR.

Where a bankrupt's schedules disclosed the claim of P., and that the bankrupt claimed the same was barred by limitations, P. was entitled to examine the bankrupt as to the extent of his estate at an adjourned meeting of creditors before P. had formally filed his claim with the referee, in order that P. might determine whether the size of any possible dividend was sufficient to justify the expense of proving the claim, notwithstanding the rule requiring a creditor to file a formal claim before any examination.

2. SAME—DEBTS DISCHARGED—PROOF.

Where a claim against a bankrupt is duly scheduled, it is included in his discharge, whether the creditor proves it or not.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 772.]

See 144 Fed. 445.

Saul S. Myers, for bankrupt.

Benjamin Ruska, for creditor.

CHATFIELD, District Judge. Adolph Kuffler was adjudicated a bankrupt in the United States District Court for the Southern District of New York, in 1899. A dividend upon his debts was paid; but his discharge was opposed, and the application therefor ultimately dismissed. In December, 1905, he filed a voluntary petition in this district, and included in his schedules the greater portion of the debts from which he had sought a discharge in the former proceedings in the Southern District. One of the debts scheduled is a claim owned by one Louis Peters, who appeared by attorney at an adjourned meeting of creditors before the referee and asked for leave to examine the bankrupt. This leave was denied, under a rule existing in this district which requires a creditor to file a formal claim with the referee before any examination. The certificate furnished by the referee shows that the creditor, Louis Peters, had not at that time, and has not yet, filed his claim against the bankrupt, but that the debt of the said Louis Peters is included in the bankrupt's schedules. The schedules further show that the bankrupt claims the bar of the statute of limitations as a defense to this particular debt.

There seems to be good reason for the rule which has been adopted in this district. A rule can always be waived or amended, however, when it seems to conflict with the necessities of the situation or a positive right arising from the effect upon the case of either statutes or decisions. Under the present circumstances, the creditor, Louis Peters, comes before the referee because of the fact that he has been included in the schedules. It is apparent from the papers that the bankrupt is likely to set up the defense of the statute of limitations. The amount of assets upon which depends the size of any possible dividend, is a material factor, which the creditor may properly take into account in determining whether his prospect of success, if he attempts to overcome the defense of the statute of limitations, is sufficient to justify the expense of proving his claim. The creditor asserts to the

referee his identity with the creditor named in the schedules. He asserts, also, that he has a claim which is provable. His debt will be discharged, whether he proves his claim or not, if the bankrupt secures a discharge in this proceeding.

The statute of limitations is a defense, and not a part of the affirmative claim; and it has been held in a number of cases that a debt may be provable, even where the defense of the statute of limitations is good as against an action brought in the state courts of the state in which the bankruptcy proceeding has been instituted. In re Ray, 1 N. B. R. 203, Fed. Cas. No. 11,589; In re Shepard, 1 N. B. R. 439, Fed. Cas. No. 12,753. Such debts, therefore, being provable and covered by a discharge, it would seem that all the more a creditor included in the schedules, whose identity is established satisfactorily to the referee, is entitled to be given an opportunity to ascertain the exact condition of the bankrupt's estate before he determines whether it is worth his while to become a party to the proceeding and attempt to obtain a portion of whatever dividend may be declared. The precise point has been considered in the case of In re Jehu (D. C.) 94 Fed. 638; the court using the following language:

> "The creditors may properly decline to incur the expense of proving their claims until it appears that some good will result from so doing. The referee should be satisfied that the party applying for the order is in fact a creditor of the bankrupt; but, if this fact be shown, no good reason exists why the examination should not be had, even though the creditor may not have proved his claim in set form."

In the case of In re Walker (D. C.) 96 Fed. 550, the court uses the following language in deciding that a creditor who has not filed a claim is privileged to examine the bankrupt, in order to see if it is worth while so to do:

> "Subdivision 'b' of section 55 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3442]), provides as follows: 'At the first meeting of creditors the judge or referee shall preside, and before proceeding with the other business may allow or disallow the claims of creditors there presented, and may publicly examine the bankrupt or cause him to be examined, at the instance of any creditor.' Section 21 of the act also provides that a court of bankruptcy may, upon application of any creditor, require the bankrupt to appear in court to be examined concerning his acts, conduct, or property. The question raised before the referee depends upon the meaning of the term 'creditor,' as employed in these sections. By section 1 of the act it is provided that, unless the same be inconsistent with the context, the word 'creditor' shall be construed to include 'any one who owns a demand or claim provable in bankruptcy.' There is nothing in the context which requires a restricted meaning of the term as employed in the sections above quoted. Throughout the act, whenever the word is used in a narrow sense, apt language is employed to indicate such an intention. For example, only those whose claims have been allowed are permitted to vote for the trustee (section 56), or share in the dividends (section 65), or determine whether a composition shall be accepted (section 12b). These are some of the cases in which the context shows that the term 'creditor' is used in a narrower sense than that indicated by the definition in section 1, and, when no such restriction is declared by the context, the general terms of the definition must be held to apply. Under the act of 1867, after much conflict, it was finally settled that a creditor who had not proved his claim was entitled to oppose the discharge of the bankrupt. In re Smith, Fed. Cas. No. 12,977; In re Murdock, Fed. Cas. No. 9,939. If he is entitled to oppose the discharge without proving his claim, he ought likewise to be allowed to examine the bankrupt for the purpose of establishing

the grounds of his objections; and it has been expressly decided that a creditor is entitled to make such examination without first filing specifications of his objections to the discharge."

These cases all support the view that under the circumstances a person listed as a creditor in the bankrupt's schedules is within the meaning of sections 1, 21a, and 55b of the bankruptcy law. If an outsider should appear at any time in bankruptcy proceedings and demand the right to examine the bankrupt, for the purpose of obtaining evidence, in order to make up his mind whether he should claim to be a creditor, the situation would be entirely different. But when, as in the present case, a person listed as a creditor states that he has a claim against the bankrupt's estate, and demands an examination in order to decide whether he will take an affirmative part in the bankruptcy proceedings, it would seem that the court has power to let him do so. This will not in any way abrogate the rule in this district, which is entirely proper for general purposes, and the permission granted the creditor upon this motion will not free him from any responsibilities or obligations to meet the pecuniary expenses of the examination he desires.

Under all the circumstances, the creditor, Louis Peters, upon the certificate of the referee and the record of the case, should have the examination he desires.