ETTA F. HERRINGTON, Respondent, v. IDA A. DAVITT
et al., as Executors of ALBERT W. DAVITT, Deceased,
Appellants.

Bankruptcy — effect of discharge in bankruptcy — composition
— moral obligation of bankrupt to pay a debt sufficient to support
a new promise to pay the debt — what constitutes a new promise
— when action based upon such a new promise properly brought
upon a note which was the original obligation.

1. A discharge, while releasing a bankrupt from legal liability to
pay a debt that was provable in bankruptcy, leaves him under a
moral obligation that is sufficient to support a new promise to pay
the debt.

2. A proceeding resulting in the discharge of a debtor from lia-
bility, based on a composition after bankruptcy proceedings are
instituted, is not in its nature such a voluntary act of the creditor
as is considered in law as being a voluntary assent of the creditor
to the satisfaction of the debt.

3. The action is upon a promissory note made by the defendant's
testator, who was adjudicated a bankrupt and received his dis-
charge, a composition having been effected, under the provisions of
the act, between the bankrupt and his creditors. The plaintiff
duly accepted the offer of the composition and the twenty per
centum of the face value of the note payable under it. The testa-
tor thereafter wrote to the plaintiff a letter which contained, among
other things, this statement: "In regard to your claim against
me you will be paid every dollar of it with inst. as soon as I sell
the mill. If anything happens to me the farm is in my name and
you will be paid." The claim mentioned in the letter was the note.
The mill referred to in the letter was sold and conveyed before this
action was brought. Held, that the letter of the defendant's testa-
tor constituted a distinct and unqualified promise to pay the debt,
which can be enforced notwithstanding the discharge in bankruptcy
and that although had plaintiff so elected the action might have
been brought on the new promise, it was properly brought upon
the note. (Dusenbury v. Hoyt, 53 N. Y. 521, followed.)

Herrington v. Davitt, 165 App. Div. 942, affirmed.

(Submitted January 17, 1917; decided February 27, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 16, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas O'Connor* for appellants. This writing is not a sufficient acknowledgment or promise to pay by the testator to relieve the note sued upon from the bar of the Statute of Limitations. (*Tompkins* v. *Hazen*, 165 N. Y. 18; *Crandell* v. *Morton*, 24 App. Div. 547; *Zinn* v. *Stamm*, 152 App. Div. 76.) A different and more stringent rule is exacted to deprive a party of the benefit of a discharge in bankruptcy than those which are required to relieve from the Statute of Limitations. Therefore, said letter does not waive the discharge. (L. 1882, ch. 324; *Tompkins* v. *Hazen*, 165 N. Y. 18; *Scheper* v. *Briggs*, 28 App. Div. 117; *Lawrence* v. *Harrington*, 122 N. Y. 406; *Allen* v. *Ferguson*, 18 Wall. 1; *Etwell* v. *Cunner*, 136 Mass. 102; *Mandell* v. *Levy*, 47 Misc. Rep. 147.) The voluntary joining in the composition agreement by the plaintiff discharged not only the legal obligation of the defendant, but also the moral obligation. There was, therefore, no consideration for the new promise to pay, and hence that promise cannot be enforced. (*Warren* v. *Whitney*, 24 Me. 561; 41 Am. Dec. 406; *Fellows* v. *Stevens*, 24 Wend. 294; *Zoebisch* v. *Von Minden*, 47 Hun, 213; *Robinson* v. *Striker*, 47 Hun, 546; *Bartlett* v. *Rogers*, 3 Sawy. [U. S.] 62; *Blair* v. *Wait*, 69 N. Y. 113; *Stafford* v. *Bacon*, 1 Hill, 532; *Hall* v. *Rice*, 124 Mass. 292; *Samuel* v. *Fairgrieve*, 21 Ont. App. 418; *Sheppard* v. *Rhodes*, 7 R. I. 470; *Ingersoll* v. *Martin*, 58 Md. 67; *Phelps* v. *Dennett*, 57 Maine, 491; *Callahan* v. *Ackley*, 9 Phila. 99; *Rasmussen* v. *State Nat. Bank*, 11 Colo. 301; *Taylor* v. *Skiles*, 113 Tenn. 288; *Matter of*

*Merriman,* 44 Conn. 587; *Snively* v. *Reed,* 9 Watts [Penn.], 400.)

*William W. Morrill* and *Northrup R. Holmes* for respondent. The writing is a sufficient promise to relieve the note from the Statute of Limitations. (*Story* v. *Bishop,* 4 E. D. Smith, 423; *Strough* v. *Wilder,* 119 N. Y. 530; *Bowdoin* v. *Colman,* 6 Duer, 182; *Smith* v. *Smith,* 125 N. Y. 224; *Post* v. *Manhattan Ry. Co.,* 125 N. Y. 697; *Fletcher* v. *Daniels,* 52 App. Div. 67; *Kiernan* v. *Fox,* 42 App. Div. 58; *Hodnett* v. *Gault,* 64 App. Div. 163; *Manchester* v. *Braedner,* 107 N. Y. 346; *Clarke* v. *Dutcher,* 6 Cow. 614.) The promise to pay was sufficient to satisfy the Statute of Frauds. (*Dusenbury* v. *Hoyt,* 53 N. Y. 521; *Shippey* v. *Henderson,* 14 Johns. 178; *Hopkins* v. *Ward,* 67 Barb. 452; *Graham* v. *O'Hern,* 24 Hun, 221; *Gruenberg* v. *Treanor,* 40 Misc. Rep. 232; *Scheper* v. *Briggs,* 28 App. Div. 115; *Dean* v. *Hewit,* 5 Wend. 262; *Inman* v. *Foster,* 8 Wend. 602; *Scouton* v. *Eislord,* 7 Johns. 36; *Erwin* v. *Saunders,* 1 Cow. 249; *Fitzgerald* v. *Alexander,* 19 Wend. 402; *J. C. Ins. Co.* v. *Archer,* 122 N. Y. 376.) The composition agreement was not a voluntary compromise agreement between the debtor and his creditors, but when confirmed and the proceedings dismissed, operated as a discharge of the debtor from his debts by operation of law. The moral obligation to pay the debt remained and the new promise in writing, after the discharge, was valid and binding. (*Matter of Merriman,* 44 Conn. 587; *Cohen* v. *Lachenmaier,* 27 Am. B. R. 416; *Zavelo* v. *Reeves,* 227 U. S. 625; *M. & H. Organ Co.* v. *Bancroft,* 1 Abb. N. C. 415; *E. F. Mfg. Co.* v. *Caminez,* 146 App. Div. 436; *F. Nat. Bank* v. *Wood,* 53 Vt. 49.)

Collin, J. The action is upon a promissory note made by the defendants' testator. After the note was delivered the maker was adjudicated a bankrupt, under the Federal

act of 1898, and thereunder received his discharge. A composition was effected, under the provisions of the act, between the bankrupt and his creditors. The plaintiff duly accepted the offer of the composition and the twenty per centum of the face value of the note payable under. it. The defendants' testator thereafter wrote to the plaintiff a letter as follows:

"TROY, N. Y., *Dec.* 6, 1904.

MY DEAR SISTER.— Your letter received. Was somewhat surprised at its contents. In regard to your claim against me you will be paid every dollar of it with inst as soon as I sell the mill. If anything happens to me the farm is in my name and you will be paid. I have left orders to that effect. Tell Lester to see what balance there is due me on the books for wood and to pay it to you for inst money.

"Yours truly,          A. W. DAVITT."

The claim mentioned in the letter was the note. The mill referred to in the letter was sold and conveyed by the testator in January, 1907. This action upon the note was commenced June 8, 1912. Upon the trial judgment in favor of the plaintiff for the unpaid balance payable by the terms of the note was ordered. The Appellate Division unanimously affirmed the consequent judgment.

The action was properly brought upon the note. For the purpose of the remedy, the original debt might still be considered the cause of action. (*Dusenbury* v. *Hoyt,* 53 N. Y. 521.) It might, had the plaintiff so elected, have been brought upon the new promise. It would be more accurate and consistent with the provisions of section 481 of the Code of Civil Procedure, and the other sections regulating the pleadings in an action, to allege the new promise as the real foundation of the action. The note was a debt provable in the bankruptcy proceedings. The legal obligation which it created or evidenced was, by virtue of the confirmation of the

composition offer and the discharge in the proceedings, discharged by force of the statute, and the remedy of plaintiff existing at the time the discharge was granted to recover her debt by action barred. The right of action is given by a new and efficacious promise. The practice of bringing the action upon the original demand is, however, sanctioned by usage. The discharge in bankruptcy is, under such practice, regarded as a discharge of the debt *sub modo* only, and the new promise as a waiver of the bar to the recovery of the debt created by the discharge. The new promise with such other facts as are essential to constitute it a valid cause of action may, however, be alleged. (See *Wolffe* v. *Eberlein*, 74 Ala. 99; *Taylor* v. *Hotchkiss*, 81 App. Div. 470; affirmed, 179 N. Y. 546; *Scheper* v. *Briggs*, 28 App. Div. 115.)

The appellants assert and argue that the letter of December 6, 1904, does not contain or constitute a promise or agreement to pay the sum unpaid. At its writing, a statute provided: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking; * * * 5. Is a subsequent or new promise to pay a debt discharged in bankruptcy; * * *." (Personal Property Law, Laws of 1897, chap. 417, sec. 21.)

The statute has remained in force. (Personal Property Law, Cons. Laws, chap. 41, sec. 31.) The debtor does not promise to pay the debt discharged in bankruptcy, unless there is a distinct and unequivocal expression by him, by a writing of the prescribed form, of a clear intention to bind himself to its payment. The acknowledgment of the existence of the debt by the payment of a part of it or of interest upon it or by express written words is not sufficient. For the purpose of creating anew the liability, the law does not imply a promise. The promise need not be made to the creditor, but it must with certainty refer

to the debt. No particular form of words need be used. The promise is constituted by words which, in their natural import, express the present intention to obligate or undertake to pay. The payment may, however, depend upon a contingency or condition. If so dependent, it must be proved that the contingency has happened or the condition has been performed. (*Lawrence* v. *Harrington*, 122 N. Y. 408; *Nathan* v. *Leland*, 193 Mass. 576; *Elwell* v. *Cumner*, 136 Mass. 102; *Bigelow* v. *Norris*, 139 Mass. 12; *Kraus* v. *Torry*, 146 Ala. 548; *Meech* v. *Lamon*, 103 Ind. 515; *Scheper* v. *Briggs*, 28 App. Div. 115.) A promise made at any time after the adjudication, and, perhaps, after the filing of the petition, is actionable. (*Zavelo* v. *Reeves*, 227 U. S. 625; *Everett* v. *Judson*, 228 U. S. 474.)

The letter of the defendant's testator constituted a distinct and unqualified promise to pay the debt. In effect and in truth it said to the plaintiff, I will pay you every dollar remaining unpaid upon the note with interest and will so pay you as soon as I sell the mill. He stated positively that he then undertook and obligated himself to pay. The construction of the words used by the debtors and the conclusions stated in the judicial decisions above cited adequately support such decision.

The rule of law is well-nigh universal that such a promise made has an obligating and validating consideration in the moral obligation of the debtor to pay. The debt is not paid by the discharge in bankruptcy. It is due in conscience, although discharged in law, and this moral obligation, uniting with the subsequent promise to pay, creates a right of action. (*Dusenbury* v. *Hoyt*, 53 N. Y. 521.) The appellant asserts that the rule does not obtain or have applicability where, as in the present case, there was a composition between the bankrupt and his creditors, assented to and accepted by the creditors seeking to enforce the unpaid debt. The clear weight of judicial opinion and correct reasoning declare such assertion erro-

neous. In *Cohen* v. *Lachenmaier* (147 Wis. 649) the facts, in the particular under consideration, were as are the facts here. The trial court awarded judgment for the balance unpaid on the note. The Supreme Court of Wisconsin in affirming the judgment said: "It is further contended that each promise, if made, is *nudum pactum*, because the plaintiff as one of the creditors joined with the majority of the creditors in number and amount in accepting the defendant's offer of a composition with the creditors· in settlement of their claims. This claim is based upon the ground that a discharge in bankruptcy in a composition is not a discharge by operation of law, but is one effected by the voluntary assent of the creditors. The adjudications are to the effect that a debt which has been extinguished by a voluntary agreement of the debtor and creditor will not support a new promise, and that one discharged by operation of law will support one. The proceeding resulting in the discharge of a debtor from liability, based on a composition after bankruptcy proceedings are instituted, is not in its nature such a voluntary act of the creditor as is considered in law as being a voluntary assent of the creditor to the satisfaction of the· debt."

In *Matter of Merriman's Estate* (44 Conn. 587) the court stated the principal question as being: "Whether an express promise made by a bankrupt to a creditor to pay the amount of his debt is valid, such creditor having theretofore expressly assented to a composition made and confirmed under the 17th section of the amended bankrupt act of June 22, 1874," and carried into effect, and held that the promise was valid. It enunciated that an express promise to pay a debt, which had been theretofore discharged by operation of law, was valid. The adequate consideration was the moral obligation to keep the original promise; this rule does not apply to a composition *inter partes* which derives its validity merely from the will of the parties; and if a debt is legally discharged by

the voluntary act of the party, there remains no obligation which can be deemed a consideration for a promise; a discharge by performance of the terms of a bankruptcy composition is a discharge by operation of law; the composition is as to the assenting creditor both a voluntary act and an act of the law, but its efficiency is derived from the compulsory power of the law. There are other decisions of like reasoning and effect. (*Guild* v. *Butler*, 122 Mass. 498; *First National Bank of St. Albans* v. *Wood*, 53 Vt. 491; *Mason & Hamlin Organ Co.* v. *Bancroft*, 1 Abb. N. C. 415; *Easton Furniture Manfg. Co.* v. *Caminez*, 146 App. Div. 436.) In *Zavelo* v. *Reeves* (227 U. S. 625) the plaintiffs accepted the composition offer of the defendant in bankruptcy proceedings. Thereafter the defendant promised plaintiffs, upon a loan to them of five hundred dollars, that he would pay the balance of their claim proved in the proceedings. The action was to recover such balance. The plaintiffs recovered. Mr. Justice PITNEY in the opinion of the court recognized the general rule that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt, and ignored the composition and its acceptance.

The reasoning and the conclusions of those decisions are harmonious with and applicable to the provisions of the Bankruptcy Act of 1898.

The case of *Taylor* v. *Skiles* (113 Tenn. 288) conflicts with the decisions cited and others of like import. Therein it is stated: "It is very generally held that, in the case of a discharge of a debt under insolvent or bankrupt laws, a subsequent promise to pay by the insolvent or bankrupt will revive the original debt and make it enforceable at law. But it is otherwise where the creditor comes to terms with his debtor under a valid composition, and agrees to, and does, accept a part of his debt for the whole. When this is done, the debt is

extinguished. The parties having met on common ground, and agreed on terms of settlement which have been carried out, there is no longer even a moral obligation resting upon the debtor as to the balance of the original liability. So that a new promise after composition is without consideration, and will not afford a cause of action. *Warren* v. *Whitney*, 24 Me. 561; *Stafford* v. *Bacon*, 1 Hill [N. Y.], 532; *Evans* v. *Bell*, 15 Lea, 569." It is to be noted that the decisions thus cited sustain the proposition that a promise to pay a debt voluntarily discharged is not binding for want of a legal consideration, but do not hold that a discharge in bankruptcy through a composition is a voluntary release or extinguishment of the debt.

We do not find merit in the other grounds for reversal urged by the appellant.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment affirmed.