HOWARD ERIC and Another, Plaintiffs, *v.* CHESTER A. GUMPERT, Defendant.

Supreme Court, New York County, May, 19, 1930.

*Hollander & Bernheimer* [*Harry T. Zucker* of counsel], for the plaintiff.

*Arthur C. Mandel,* for the defendant.

INGRAHAM, J.  This is a motion to vacate and discharge of record a judgment entered on June 22, 1922, as well as to vacate the order in supplementary proceedings and a " third party order " issued in aid of execution upon such judgment.  Subsequent to the obtaining of the judgment the judgment debtor was adjudged bankrupt and later obtained his discharge in bankruptcy.  Among the claims of which he was discharged was the judgment in question. The order in supplementary proceedings and the order for the examination of the third party were obtained on May 9, 1930.  The document signed by the debtor and upon which the judgment creditor relies cannot operate to revive the judgment of which the debtor was discharged in bankruptcy.  At best, the letter signed by Gumpert revived the obligation to pay the original debt, and the debtor's intention to revive the debt is contained in the following phrase: " Intending thereby to revive the debt to you discharged in bankruptcy to the extent of the face amount of said note, which I promised to pay according to its tenor."  There can be no doubt that such a promise revives the original debt and forms a sufficient basis for an action upon either the old debt or the new promise. (*Dusenbury* v. *Hoyt,* 53 N. Y. 521; *Herrington* v. *Davitt,* 220 id.

162.) The renewed obligation is, however, powerless to keep alive the judgment obtained prior to the bankruptcy and to the discharge therefrom. The motion is accordingly granted. The judgment is vacated and directed to be canceled of record. The order in supplementary proceedings and the third party order are vacated, as are the stays therein contained.