HOWARD ERIC and Another, Plaintiffs, *v.* CHESTER A. GUMPERT, Defendant.

Supreme Court, New York County, August 8, 1930.

*Hollander & Bernheimer* [*Harry T. Zucker* of counsel], for the plaintiffs.

*Arthur C. Mandel,* for the defendant.

SCHMUCK, J. Motion denied. The complaint alleges a true cause of action based on a written promise to pay an obligation discharged in bankruptcy. Only a single cause is predicated, for although the complaint contains a recital of the judgment discharged in bankruptcy, it is clear that prayer for relief is based on the revival as indicated by defendant's note and Exhibit A. The complaint is sufficient in law for it succinctly avers a promise to pay founded upon an adequate consideration. In *Dusenberry* v. *Hoyt* (53 N. Y. 521) it was held that while the legal obligation of a bankrupt is discharged by force of positive law the debt is not paid by the discharge. The moral obligation to pay still remains and this, united with a subsequent promise to pay made as required by law, gives a right of action. The question here involved is analogous to that raised in *Herrington* v. *Davitt* (220 N. Y. 162) and susceptible to the same principle of law. That principle holds that the new promise creates a right of action which may be founded upon the original claim or upon the new promise solely. Whether dependence is placed upon the original promise or the new promise it is not amiss to allege both the old and new promise for they are so interwoven and interlocked as to be practically inseparable. No reason is, therefore, apparent for compelling the plaintiff to separately state causes of action, as only one cause is alleged and no justification is shown for holding the complaint insufficient in law.

Order signed.