ROSE STERN, as Executrix etc., of CHARLES STERN, Deceased, Plaintiff, *v.* HARRY G. STARR, Defendant, Impleaded.

City Court of New York, New York County, October 5, 1935.

*Abraham G. Meyer*, for the plaintiff.

*Olvany, Eisner & Donnelly* [*Merwin Lewis* of counsel], for the defendant.

KAHN, J. This is an action on a policy of life insurance. The controversy is between the estate of the insured and an assignee of the policy, who has been impleaded as a defendant. Both parties move for summary judgment.

The facts are not in dispute. In July, 1928, the deceased borrowed $2,500 from defendant, Harry G. Starr. Half of this sum was subsequently repaid. Two policies of insurance were assigned as security for the loan. One of the policies was permitted to lapse and the other was surrendered for its cash value, the sum thus realized being applied in reduction of the debt. Neither policy is material to the present controversy. On November 24, 1928, an involuntary petition in bankruptcy was filed against the debtor, who was adjudicated a bankrupt on December nineteenth. The discharge is dated July 23, 1929.

The present policy was obtained on April 9, 1929, and assigned to the impleaded defendant on April 17, 1929, " as his interest may appear." There is no question of the deceased's intention to repay the loan after the bankruptcy. In a letter dated December 9, 1928, he advised defendant to cash the policies, concluding: " Let me know how much you are short and I bring you balance, as soon as I procure a position." His subsequent correspondence, while not containing such explicit language, is nevertheless instinct with similar assurances. The later letters contain no such unequivocal words of promise as are required by section 31 of the Personal Property Law and cannot be given any weight in the determination of these motions. The impleaded defendant's case rests upon the assignment of April 17, 1929, and the letter of December 9, 1928.

Section 31 of the Personal Property Law required " a subsequent or new promise to pay a debt discharged in bankruptcy " to be in writing. The sole question for decision is whether the provisions of this section are satisfied by the writings executed by the debtor. His oral assurances are nugatory.

The cases state that the subsequent promise of a bankrupt to repay a discharged indebtedness must be clear and unequivocal, express and not implied. (*Herrington* v. *Davitt*, 220 N. Y. 162, 166, 167; *Lawrence* v. *Harrington*, 122 id. 408, 413; *Crandall* v. *Moston*, 24 App. Div. 547, 550; 1 Williston Cont. § 158; 5 Page Cont. § 3167.) " The payment may, however, depend upon a contingency or condition. If so dependent, it must be proved that the contingency has happened or the condition has been performed." (*Herrington* v. *Davitt*, *supra*, 167.) But mere expressions of intention or expectation are insufficient. (Compare *Scheper* v. *Briggs*, 28 App. Div. 115, 118.)

It is not always easy to differentiate between the promissory and the precatory expressions, and there are naturally many border-line cases. These are collated in Page, section 3167. The letter of December ninth rises above the expression of good intentions; it embodies a direct assurance of payment. While not as strong as the letter sustained in the *Herrington* case (" In regard to your claim against me you will be paid every dollar of it with inst. as soon as I sell the mill "), it is no less clear or certain. The condition on which the promise was dependent has occurred. The deceased obtained employment shortly after the bankruptcy.

This promise was made, however, after the filing of the bankruptcy petition but before the adjudication and discharge. The executrix, therefore, contends that the debt was barred by the discharge. Applying the words of the statute (Pers. Prop. Law, § 31) literally, it would seem that a subsequent promise to be actionable must be given after discharge. But the authorities are clear that a promise after adjudication is as potent as one after discharge. (*J. C. Insurance Co.* v. *Archer*, 122 N. Y. 376; *Zavelo* v. *Reeves*, 227 U. S. 625; *Stilwell* v. *Coope*, 4 Den. 225.) There is not much authority on the validity of a promise after bankruptcy proceedings have been begun, but before the adjudication. The courts and the text-writers, without directly adverting to the question, take the institution of proceedings as the crucial point of time. Thus in *Zavelo* v. *Reeves* (*supra*) Mr. Justice PITNEY states (at pp. 629, 630): " It has been commonly held that a promise to pay a provable debt, notwithstanding the discharge, is as effectual when made after the filing of the petition and before the discharge as if made after the discharge." Williston asserts (§ 158): " A new promise after the beginning of bankruptcy proceedings is valid though made before the discharge is granted." Page (§ 3166) employs similar language. The Court of Appeals in the *Herrington* case (at p. 167) was more cautious: " A promise made at any time after the adjudication, and, perhaps, after the filing of the petition,

is actionable," citing the *Zavelo* case. But see *Meyer* v. *Price* (250 N. Y. 370, 376, 377), quoting the *Zavelo* dictum, and see Restatement, Contracts, section 87.

Whatever decisions there are lend support to the broader phrasing of the rule, and with good reason. (See *Wiggin* v. *Hodgdon*, 63 N. H. 39; *Lerow* v. *Wilmarth*, 7 Allen [Mass.], 463.) The discharge in bankruptcy relates back to the date of the filing of the petition. (Compare *Everett* v. *Judson*, 228 U. S. 474.) Only prior obligations are barred. Later engagements stand on a separate footing. Assuming no collusion between debtor and creditor (*Meyer* v. *Price*, 250 N. Y. 370; cf. *Posner* v. *Rosenbaum*, 240 App. Div. 543), it should not be material whether the subsequent promise is made before or after adjudication as long as it does not precede the bankruptcy proceeding. In either event it is not affected by the discharge. The significant date is that on which the slate is wiped clean. The later promise is a recognition of a " moral obligation " which the courts have been prompt to implement with legal sanction. Thus in the present case, the debtor was expressly discharged of all debts and claims existing on November 24, 1928, the date the petition was filed. The promise on which defendant relies, as stated, bears the date of December ninth.

Under this view of the case, it is unnecessary to discuss the effect of the assignment. Had the assignment been absolute, the engagement to repay would have been executed and section 31 would have been without application. But the assignment, as the creditor concedes, was merely collateral, given as security for the repayment of the debt. Unless the obligation which it secured was itself valid, it would seem that the assignment, which did not embody any promise, express or implied, to repay the debt, must fall.

The question, however, is not here and need not be determined.

Motion of the impleaded defendant for summary judgment for the amount due him is granted. The balance to be paid to the plaintiff.

Settle order.