Lottie P. Linzer, Respondent, v. Max Weitzen, Appellant.

Argued March 7, 1944; decided April 13, 1944.

*Abraham Greenberg* for appellant. I. Plaintiff failed to prove a cause of action. A letter written by defendant to plaintiff's husband after adjudication of defendant in bankruptcy and before his discharge, contained the following sentence: '' I still hope for such improvement as to enable me to pay up to the last cent whatever its coming to you and Lottie.'' There was no promise by defendant in this sentence to pay to the plaintiff at any time·the amount of his indebtedness. Defendant merely expressed a hope that his financial condition would so improve as to enable him to pay up. (Personal Property Law, § 31; *Lawrence et al.* v. *Harrington,* 122 N. Y. 408; *Herrington* v. *Davitt,* 220 N. Y. 162; *Gain* v. *Dunn,* 243 App. Div. 849; *Allen & Co.* v. *Ferguson,* 85 U. S. 1; *Scheper* v. *Briggs,* 28 App. Div. 115; *Kiernan* v. *Fox,* 43 App. Div. 58; *Mandell & Co.* v. *Levy,* 47 Misc. 147.) II. A partial payment on account of a debt which has been discharged in bankruptcy is not sufficient to

renew the original indebtedness or create a new obligation on the part of the debtor to pay the balance. (*Matter of Clodgo*, 131 Misc. 490; *Meyer* v. *Bartels*, 56 Misc. 621; *Wheeler* v. *Simmons*, 60 Hun 404.)

*Aaron Nussbaum* for respondent. I. The indebtedness of defendant to plaintiff was revived by a new promise within the Statute of Frauds. (*Seymour* v. *Warren*, 179 N. Y. 1; *Marks* v. *Cowdin*, 226 N. Y. 138; *Tioga County General Hospital* v. *Tidd*, 164 Misc. 273; *Stokes* v. *Sanders*, 181 App. Div. 249; *Lawrence et al.* v. *Harrington*, 122 N. Y. 408; *Taft* v. *Sergeant*, 18 Barb. 320.) II. The defendant's letter to plaintiff expressing " a hope for such improvement as to enable me to pay up to the last cent whatever its coming to you " revived the indebtedness either as an independent written promise, or as the memorandum supporting his prior verbal promise. (Collier on Bankruptcy, 5th ed. p. 644.) III. The Statute of Frauds should not be so applied as to sanction the very fraud it is designed to prevent. (*First Nat. Bank* v. *Lafayette Trust Co.*, 85 Misc. 341; *Baum* v. *Holstein*, 93 Misc. 268; *Wagner* v. *Manufacturers Trust Co.*, 237 App. Div. 175, 261 N. Y. 699; *Mutual Reserve Fund Life Ass'n* v. *Beatty*, 93 F. 747, 35 C. C. A. 573; *Mandell & Co.* v. *Levy*, 47 Misc. 147; Collier on Bankruptcy, 5th ed., p. 217.) IV. The Statute of Frauds should be construed as a rule of reason. (*Sunhy Realty Corp.* v. *Cross Bay Lumber Co.*, 165 Misc. 534; *Van Valkenburg* v. *Croffut*, 15 Hun 147; *Berth* v. *W. G. Knapp Co., Inc.*, 215 App. Div. 693; *Suren* v. *Handel*, 205 App. Div. 829; *Marks* v. *Cowdin*, 226 N. Y. 138; *Seymour* v. *Warren*, 179 N. Y. 1.)

LEWIS, J. The plaintiff's action is upon three promissory notes made by the defendant, all of which were dated on or prior to May 20, 1932. The defendant was adjudicated a bankrupt on February 1, 1933, and was discharged in bankruptcy on May 29, 1935. In his schedule of liabilities filed in the bankruptcy proceeding the defendant listed a debt due the plaintiff of $7,100 which had as its basis the three promissory notes here in suit. On November 4, 1933 — after the defendant's adjudication in bankruptcy but before his discharge — he wrote the plaintiff's husband a letter containing a statement which

the plaintiff now asserts removes the bar of his discharge and makes the debt actionable. After reference to the fact that he had been the victim of adverse financial conditions under which it had become difficult for him to meet " urgent needs for existence from month to month ", the defendant's letter states that " things are still going from bad to worse  *  *  *." At a later point in the letter the defendant stated — " *  *  * hereafter I shall first confine myself as soon and as much as possible to pay up your mother's loss *and then I still hope for such improvement as to enable me to pay up to the last cent whatever is coming to you and Lottie.*" (Italics supplied.)

In the present action to recover the amount due upon the three promissory notes, less $326 paid thereon by the defendant since his discharge in bankruptcy, it is the plaintiff's submission that the italicized portion of the defendant's letter quoted above amounted to a new promise by the defendant to pay his debt to her and served in legal effect to revive the debt.

We do not so construe the statement upon which the plaintiff relies. That statement does not lose legal effect because it was made by the defendant before his discharge in bankruptcy. " A promise made at any time after the adjudication  *  *  * is actionable." (*Herrington* v. *Davitt*, 220 N. Y. 162, 167; *Meyer* v. *Price*, 250 N. Y. 370, 376, 377; *Zavelo* v. *Reeves*, 227 U. S. 625, 629–632; *Everett* v. *Judson*, 228 U. S. 474, 478, 479.) It is, however, the form of the statement — its equivocation, its lack of definition in expressing the defendant's intention presently to assume the debt as a personal obligation — which makes it legally ineffectual. We read it as being nothing more than an expression by the defendant of " hope for such improvement as will enable " him to pay his debt to the plaintiff — that " hope " being expressly deferred by the defendant, according to his letter to the plaintiff's husband, until after he has endeavored " as much as possible to pay up your mother's loss." It is not enough that the defendant, by the written statement made after his adjudication in bankruptcy, acknowledged to the plaintiff the existence of an indebtedness; nor has that indebtedness been made presently actionable by the partial payments made by the defendant after his discharge in bankruptcy. (*Herrington* v. *Davitt, supra,* p. 166; *Lawrence et*

*al.* v. *Harrington,* 122 N. Y. 408, 413, 414.) A debt discharged in bankruptcy is revived and thereafter becomes actionable only when by an unequivocal statement in writing the debtor expresses his present intention personally to obligate himself to pay the debt. (Personal Property Law, § 31, subd. 5; *Lawrence et al.* v. *Harrington, supra,* pp. 414, 415; *Herrington* v. *Davitt, supra,* pp. 166, 167; and see *Allen & Co.* v. *Ferguson,* 85 U. S. 1, 3–5; *Gain* v. *Dunn,* 243 App. Div. 849; *Ellwell* v. *Cumner,* 136 Mass. 102, 103, 104; Collier on Bankruptcy, 14th ed., pp. 1671–1677.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, CONWAY, DESMOND and THACHER, JJ., concur; RIPPEY, J., taking no part.

Judgments reversed, etc.