MANDEL SHAPIRO, Plaintiff, v. SAMUEL LUBASCH, Defendant.

Supreme Court, Special Term, New York County, October 17, 1945.

*Trachman & Krosner* for defendant.

*Robert I. Rogin* for plaintiff.

WALTER, J. Plaintiff sues for money loaned in 1925, repayable February 20, 1926. Defendant pleads a discharge in bankruptcy obtained November 7, 1934, upon a petition filed by him May 4, 1934. Plaintiff's claim was not scheduled in the bankruptcy proceedings, but plaintiff concededly had notice and actual knowledge of the proceeding. Plaintiff's claim consequently is barred by the discharge if it were a provable debt. (*Kaufman* v. *Schreier*, 108 App. Div. 298; *Morrison* v. *Vaughan*, 119 App. Div. 184; Bankruptcy Act, § 17; U. S Code, tit. 11, § 35.) Plaintiff contends that his claim was barred by the

Statute of Limitations when the bankruptcy proceeding was instituted and that it hence was not a provable debt. As stated in *Hargadine-M'Kittrick Dry Goods Co.* v. *Hudson* (122 F. 232, 235), that is rather a startling proposition and would result in curious anomaly if it were the law. Whether or not a debt is provable depends entirely upon whether or not it is one of a nature specified in section 63 of the Bankruptcy Act (U. S. Code, tit. 11, § 103) and not at all upon its legal merit. If a creditor were to attempt to prove a claim barred by the Statute of Limitations he probably would be met with that defense and if that defense were sustained his claim undoubtedly would be disallowed. But that would not mean that he had a nonprovable debt. (*Lesser* v. *Gray*, 236 U. S. 70, 74–75; *Hargadine-M'Kittrick Dry Goods Co.* v. *Hudson, supra; In Re Weidenfeld*, 277 F. 59; *In Re Kuffler*, 153 F. 667; *In Re Povill*, 105 F. 2d 157; *In Re Munsie*, 33 F. 2d 79; *In Re Strotz*, 50 F. Supp. 322). Cases can be found in which even ordinarily careful judges have misused the word " provable " by using it when what was meant was really " allowable ", and even so careful a writer as Collier has asserted that the weight of authority is that debts barred by the Statute of Limitations are not provable. (2 Collier on Bankruptcy [13th ed.], p. 1430; 3 Collier on Bankruptcy [14th ed.], pp. 1801–1803) but the fact remains that he does not cite a single case so holding, at least under the Bankruptcy Act of 1898. I have not stopped to examine his citations of cases decided under the Bankruptcy Act of 1867. Furthermore, that same author himself elsewhere points out the distinction above noted between provability and allowability. (2 Collier on Bankruptcy [13th ed.], p. 1374; 3 Collier on Bankruptcy [14th ed.], p. 1771). *In Re Lipman* (94 F. 353) and *In Re Resler* (95 F. 804), are cited in *In Re Putman* (193 F. 464, 467) as establishing that a debt outlawed by the Statute of Limitations is not a provable claim, but the fact is that neither of those cases so holds. Both dealt merely with the allowability of claims and not with their provability.

The claim here sued upon plainly was a provable debt under section 63 of the Bankruptcy Act (U. S. Code, tit. 11, § 103) and nothing has been shown to take it out of the operation of the discharge.

Plaintiff alleges subsequent payments on account but a debt discharged in bankruptcy is revived and thereafter becomes actionable only by a statement in writing by the debtor of his present intention personally to obligate himself to pay the debt.

(Personal Property Law, § 31, subd. 5; *Linzer* v. *Weitzen,* 292 N. Y. 306, 309.)

Defendant's motion for summary judgment dismissing the complaint is accordingly granted. The clerk will enter judgment accordingly.