Felix 0. Benvenga, J.
Defendants Lassman and Lassman Co. move, pursuant to rule 114 of the Rules of Civil Practice for a dismissal of the first and second cause of action upon the defense of discharge in bankruptcy.
That the debts are dischargeable is not denied. That plaintiff had timely notice and actual knowledge of the bankruptcy proceedings, but failed and neglected to file his claims is admitted. Under the circumstances, the .debts are not exempt from discharge (U. S. Code, tit. 11, § 35; Shapiro v. Lubasch, 186 Misc. 182, 183).
Concededly, plaintiff was not listed as a creditor, but as a debtor. Defendants assert that the failure to list plaintiff as a creditor was due to their belief that they had performed their contract, so far as plaintiff permitted performance, and in the belief that plaintiff was, in fact, indebted to them. Plaintiff contends that the failure to list him as a creditor was fraudulent. However, he raises no cognizable issue of fraud, and the elements of fraud are wholly lacking.
The intentional withholding of a name from the list of creditors in the belief that the bankrupt is not a debtor, but a creditor, is not a fraud. If plaintiff considered himself a creditor, it was his duty, having notice and actual knowledge of the bankruptcy proceedings, to file his claims. His failure to do so does not excuse him, nor does it render his claims exempt from discharge.
The case of Poillon v. Lawrence (77 N. Y. 207), upon which plaintiff relies, is not in point. There, the debtor changed his name prior to the bankruptcy, and the change of name and the use of the new name was intended to withhold notice and knowledge from the creditor, and thus deceive him. The circumstances were sufficient to constitute fraud. Here, plaintiff was listed as debtor and such listing was calculated to and did bring notice and knowledge to plaintiff. Moreover, plaintiff concededly had notice or knowledge of the bankruptcy. He *766 had ample opportunity to file his claims and change his position as a claimed debtor into a creditor, but failed to do so. The defense is thus established; there is no triable issue of fact.
The motion for partial summary judgment is therefore granted.
Settle order.