Richard D. Simons, J.
The question is whether writing sufficient to revive a debt discharged in bankruptcy is also sufficient to revive a wage assignment taken before bankruptcy but not filed with the employer until after bankruptcy.
Plaintiff has sued on the debt and that action is pending, but ■ defendant brings this proceeding to restrain collection of any funds by reason of the wage assignment during the pendency of the action.
A discharge in bankruptcy affects only the remedy of the creditor and not the obligation of the debtor to pay. (1 Collier, Bankruptcy, § 17.33.) By appropriate writing, the debtor may expose himself to liability on a debt which has been discharged. (Linzer v. Weitzen, 292 N. Y. 306.) Whether or not defendant did so is the issue in the pending action. But even if the debt is revived, the wage assignment is not. Thus, in Eric v. Gumpert (136 Misc. 892) it was held that a new promise revived the right to sue on the debt but not the creditor’s right to enforce a judgment obtained before discharge in bankruptcy or to pursue supplementary proceedings on it.
Wage assignments are not favored by New York courts. (Matter of Jones, 19 A D 2d 330, affd. 14 N Y 2d 558.) The Legislature has surrounded such assignments of future earnings with closely regulated conditions for the protection of the wage earner and his family. (Personal Property Law, art. 3-A.) A note, handwritten by the creditor’s attorney and signed by the debtor, does not relate back to the original wage assignment for purposes of reviving that security without complying with the statutory formalities.
Defendant’s motion asks for a preliminary injunction staying plaintiff from enforcing the wage assignment dated May 7,1968 until disposition of the action. What he really seeks is vacation of the wage assignment. (Personal Property Law, § 47-e.) The court treats it as such and vacates the assignment.
Originally, the plaintiff objected to the court’s jurisdiction because of the timeliness of service. That objection was withdrawn in writing and plaintiff voluntarily appeared on this application.