# Motes *v.* Bates.

## *Action for Malicious Prosecution.*

1. *Infancy not relevant evidence.*—In an action for a malicious prosecution, the fact that the plaintiff was a minor at the time of the alleged assault and battery by him, on which the prosecution was founded, is not relevant to the issue of malice or probable cause, and is not admissible as evidence.

2. *Conduct of prosecutor connected with arrest; admissibility as evidence.*—The conduct and movements of the prosecutor on the day of the plaintiff's arrest, while he was in the custody of the sheriff and attempting to give bail, are competent evidence for the plaintiff, as tending to show the degree of interest on the part of the defendant in the prosecution, and bearing on the question of an improper motive on his part.

3. *Argument of counsel.*—As to the latitude allowed counsel in this case, in his argument to the jury, which was excepted to, "the most that can be said is, that he has taken great latitude in deducing questionable inferences from facts already in evidence;" but the case is not brought within the rule laid down in the case of *Cross v. The State* (68 Ala. 476),

[Motes v. Bates.]

the enforcement of which must necessarily be regulated, to a large extent, by the sound discretion and good judgment of the primary court.

4. *Easement or license to lessee, to pass through lessor's lands*—The lessee of rented lands, which are accessible from the public road, has no right to use a shorter route across the other lands of the lessor, without his permission, express or implied; and if such permission can be implied from his use of the shorter route without objection, it is only a parol license, and revocable at pleasure; and after revocation by express prohibition or warning, the further use of the shorter route, by either the lessee or his tenants and servants, is a trespass.

5. *Trespass on lands; repelling by force.*—When the owner's possession of lands is invaded by a trespasser, who refuses or fails to leave on request, the owner may employ such force as may be necessary to remove the intruder, but no more.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Joseph E. Bates, against P. A. Motes, to recover damages for an alleged malicious prosecution for an assault and battery; and the trial was had on issue joined on the plea of not guilty. The particulars of the difficulty between the parties, out of which the prosecution grew, are stated in the opinion of the court. While the plaintiff was testifying as a witness for himself, as the bill of exception states, "the court permitted him to testify, against the objection of the defendant, that on the day of the difficulty he was under twenty-one years of age—that he was twenty years and six days old;" and to this ruling the defendant excepted. The plaintiff was permitted to testify, also, against the objection of the defendant, "that on the day he was brought to Troy in the custody of the deputy-sheriff, and whilst at the gate of the inclosure around the jail, he saw the defendant pass near where he was, and peep around the corner at him;" and to the admission of this evidence an exception was reserved by the defendant. The plaintiff further testified that, when the sheriff came up to the gate at which he was standing, "he asked for time to make bond, and to send for his uncle, some miles in the country, to come and make his bond; that the sheriff said he would do so, and left him; that he saw the defendant, soon afterwards, cross the street, and walk along with the sheriff; that the sheriff soon returned, and said that he could wait no longer, and that he would have to put him (plaintiff) in jail, and did then put him in jail. The defendant moved the court to exclude this evidence from the jury," and excepted to the overruling of his motion.

The bill of exceptions purports to set out all the evidence adduced on the trial, and states, among other things, that the defendant's son, who was a participant in the difficulty, was sworn as a witness for the defendant, but was not examined. "The plaintiff's counsel, in his concluding argument to the jury,

[Motes v. Bates.]

remarked, that it was a suspicious circumstance that the defendant did not put his son on the stand as a witness, as he was present at the difficulty between the parties; that the circumstance showed there was something wrong on the part of the defendant. The defendant's counsel objected to this remark, as improper, and as not sustained by the evidence; but the court declined to interfere, and allowed the counsel to proceed;" to which action and refusal the defendant excepted. The plaintiff's counsel, in the further progress of his argument, "charged that the defendant was running around with the sheriff, to prevent the plaintiff, 'a mere boy,' from giving bond to keep out of jail;" and to this remark there was objection duly made by the defendant, and exception reserved.

The court charged the jury, on the request of the plaintiff, as follows: "If the jury believe, from the evidence, that the plaintiff was wrongfully in the path, but had a right in the field, then the defendant had no right to put him out of the field—that his only right extended to putting him out of the path." To this charge the defendant excepted, and he now assigns it as error, together with the other rulings to which, as above stated, he reserved exceptions.

N. W. GRIFFIN, for appellant.

J. D. GARDNER, contra.

SOMERVILLE, J.—The present action is one for malicious prosecution, instituted by the appellee, Bates, against the appellant, Motes, who was defendant in the court below. The prosecution complained of, as the basis of the action, was an indictment for assault and battery. It was shown that this prosecution had terminated in the acquittal of the accused, who is the plaintiff in this suit. The contested issues were as to the existence of *malice*, and of *probable cause* on the part of the prosecutor, who, of course, is here the defendant.

1. The fact that the plaintiff was *a minor*, under twenty-one years of age, *at the time of the alleged assault and battery*, for which he was indicted at the instance of the defendant, was obviously irrelevant, and the court erred in allowing proof to be made of it in the present suit. It had no proximate tendency to establish the proof or disproof of the principal issue—bearing neither upon the question of malice, nor of probable cause. Its only effect would be to excite the sympathy of the jury, and thus tend to aggravate the amount of damages recovered, through an instrumentality not to be justified in the eye of the law, which gauges its results by the rules of justice and not of sympathy.

[Motes v. Bates.]

2.   We can see no objection to that portion of the plaintiff's testimony, in which he alluded to the conduct and movements of the defendant on the day of the plaintiff's arrest, and while he (the plaintiff) was in the custody of the deputy-sheriff, making effort to give bail.   This evidence tended to show the degree of Motes' interest in the prosecution; and it was a question for the jury to determine, as to how far it indicated the existence of any improper motive on his part.

3.   It is objected that the court below allowed the plaintiff's counsel too wide a latitude, in his comments upon the evidence discussed before the jury.   In the case of *Cross v. The State*, 68 Ala. 476, we announced the principles which, in our judgment, should govern in cases of this character; and these rules were re-affirmed in the case of *Wollfe v. Minnis*, at the present term.   We see nothing in the discussion of counsel in this cause, which we can safely say is so obnoxious to criticism as to be violative of these principles, the enforcement of which must necessarily be regulated, very largely, by the sound discretion and good judgment of the *nisi prius* court.   It is not contended that counsel has gone out of the record, so far as to state *as facts* matters not in evidence.   The most that can be said is, that he has taken great latitude in deducing questionable inferences from facts already in evidence.   We can not perceive that he has, in doing this, infringed any rule of law, which will authorize a reversal of the cause, apart from other errors in the record.—*Cross v. The State*, 68 Ala. 481–483.

4.   There is but one other question necessary to be discussed, and this is raised by the charges given by the court on the request of the plaintiff.   It has reference to a portion of the evidence detailing the circumstances of the alleged assault and battery perpetrated by plaintiff on the defendant, upon which was based the prosecution constituting the *gravamen* of this suit.   The purpose of this evidence was to show want of probable cause, as well as the existence of malice, in the prosecution.   The defendant had rented to the plaintiff's brother a few acres of land in a large field belonging to defendant, and the plaintiff was employed by the lessee to aid in cultivating it. This rented land was accessible by a *public road*, and also by a *private path*, which was the shorter route; the latter leading through an uncultivated portion of defendant's field.   It was agreed, at the time of the renting, that the lessee should use the public road, in going to, and returning from the rented land.   The plaintiff, however, persisted in using the private path, although several times forbidden its use.   Upon the day of the difficulty, the defendant and his son met the plaintiff coming along the path.   The defendant " told plaintiff to turn back, and *go out of the path*, and *go to his field the other way;*"

to which plaintiff replied, "that he *would go that way or die.*"
The difficulty thereupon ensued, the defendant being armed
with a gun, his son having a small stick, and the plaintiff a
razor. The defendant ordered his son to "*put the plaintiff
out;*" and the son is shown to have approached the plaintiff, in
apparent obedience of the father's command. The question is
as to the relative rights of the plaintiff and defendant under
this state of facts.

We find no evidence in the record, tending to show that the
plaintiff, Bates, had any claim of legal right to be upon this
portion of the defendant's field. It is shown that the lessee
agreed to use the public road; and his employees, or sub-ten-
ants, had no greater rights than he had. If the plaintiff's al-
leged custom in using the pathway, for some time previous,
could be construed into a permission by defendant to do so,
this was, at best, only a parol license, *which was revocable at
the pleasure of the person giving it.* Every license of this kind,
by which one is permitted without, consideration, to pass over
the lands of another, is essentially revocable in its very nature,
its continuance depending upon the mere will of the person by
whom it was created, or granted.—3 Kent. Com. 452; *Ricker v.
Kelly,* 18 Amer. Dec. 40–41, *note; Riddle v. Brown,* 20 Ala.
412.

The warning previously given by defendant, Motes, forbid-
ding him to use this pathway, operated as a revocation of any
parol or verbal license which may have been inferentially im-
plied. After this warning, the plaintiff's entry upon this por-
tion of defendant's land, without some legal cause, or good ex-
cuse, of which the record discloses no evidence, not only made
him a trespasser, but rendered him liable to prosecution for a
misdemeanor, upon proof that the warning was given within
the six months preceding the unlawful entry.—Code, 1876,
§ 4419; *Watson's Case,* 63 Ala. 19.

5. The possession of the defendant being unlawfully in-
vaded, he had a right to employ force to remove the intruder,
if the latter failed or refused to go on request. He could, of
course, employ only so much force as was necessary, and no
more.—Cooley on Torts, 167–168.

The charge of the court tended to mislead the jury, both as
to the rights of the defendant, and the proper construction of
the command given his son. The plaintiff had no right to in-
trude upon any portion of defendant's field, except the public
road and the rented land. Motes had a right to use such force
as was necessary to put him *out* or *off* of any *other* portion of
his premises, upon his refusal to leave on request. What de-
fendant meant by his order—"*put him out*"—must be inter-
preted by his previous warning to the plaintiff, requesting him

[Allen v. Lewis.]

to "turn back, and *go out of the path*, and *go to his field the other way*." If it be doubtful whether he meant to command a legal or an illegal thing, the law will not impute to him an illegal intention, if a legal one will reasonably comport with a sound construction of the words used.—*Russell v. The State*, 71 Ala. 348. We may add, that the law is righteous in its judgments, and never unjustly imputes to its subjects the criminal purpose to violate its provisions. No difficulty can arise in the application of these rules upon the occasion of another trial.

Reversed and remanded.