# East Tenn., Va. & Ga. Railroad Co. *v.* Carloss.

*Action against Railroad Company, for Injuries to Stock.*

1. *Complaint; averment of time and place.*—In an action against a railroad company, to recover damages for injuries to stock, whether commenced before a justice of the peace or in the Circuit Court, the complaint must specify "the time when, and the place where the killing or injury occurred" (Code, § 1711); and it is not sufficient, on demurrer, to state only the month and the county.

2. *Variance, as to time.*—When the injury is alleged to have occurred on the 21st day of the month, and the evidence shows that it occurred on the first day, the variance is fatal, and the evidence should be excluded.

3. *Averment of negligence.*—If the complaint alleges that three of the plaintiff's cattle, particularly describing them, "were killed, and the other was injured or damaged to the value of ten dollars, by the negligence of the defendant in running a train of cars and locomotives on said railroad, and thus became wholly lost to plaintiff;" this is a sufficient averment that the injury was caused by the negligence of the defendant.

4. *What witness may state.*—A witness who testifies that, while looking for his own cattle, he saw plaintiff's stock near the railroad as he passed, and, on returning an hour and a half afterwards, saw them again just as a train moved off, after stopping, at the place where the cattle were injured, may further state that, if any other train had passed during the intervening time, he could have heard it, and that no other train did pass.

5. *Argument of counsel.*—Under the rule established by the former decisions of this court, counsel transgress the bonds of legitimate argument, in addressing remarks to the jury about matters which are not in evidence before them; and the presiding judge has ample power to check argument of this character.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. H. C. SPEAKE.

This action was brought by William J. Carloss, against the appellant, a corporation engaged in operating a railroad in this State; and was commenced on the 29th August, 1882. The complaint contained two counts. The first count claimed $60 "as damages, for that whereas, in the month of January, 1882, the plaintiff had and owned one large fine milch-cow, about four years old, of the value of $40, and two fine work-oxen about three years old, worth $40, and one large two-year-old

steer, worth $10; and on or about the 21st of said month, in the county of Colbert, Alabama, the said cow, the two-year-old steer, and one of the three-year-old oxen were killed, and the other one injured or damaged to the value of ten dollars, by the negligence of the defendant in running a train of cars and locomotives on the railroad of said defendant situated in said county, and thus became wholly lost to plaintiff; to his damage $60." The second count also claimed $60 as damages, "for that whereas, during the month of January, 1882, and previous to that time, the defendant was using and operating a line of railroad, extending from the city of Memphis, in Tennessee, to the town of Stevenson, in Alabama, which said line of railroad extends through said county of Colbert; and plaintiff avers that, in the month of January, 1884 (?) he had and owned" the cow and oxen described as above; "and that said defendant, in said month of January, 1882, while running a train of cars and locomotives on said railroad in said county of Colbert, so carelessly and negligently as to run said locomotive and train of cars upon and against the said cow and oxen, that the same were killed or injured; to the damage of plaintiff $60."

The defendant demurred to each count of complaint, assigning the following grounds of demurrer to the first count: 1st, "because it fails to aver that said alleged injury and trespass was occasioned by the killing or striking of said animals, or any of them, by the locomotive or cars of this defendant;" 2d, "because it contains no averment that there was any collision between said animals and the locomotives or cars of this defendant;" 3d, "because it fails to aver any negligence on the part of the defendant, except as to said alleged injury to one of the oxen;" 4th, "because said count is vague and indefinite, in that it fails to aver the place in said county where said alleged injury occurred, and, by such failure, defendant is not apprised of a fact material to be known for the proper defense of this suit;" 5th, "because said count is vague and indefinite, in that it does not show that the alleged negligence of defendant, in running a train of cars on its railroad, had any connection with the loss and damage to plaintiff's said property as complained of in said count;" 6th, "because said count is argumentative, and is not an intelligible statement of facts, as required by law." The same grounds of demurrer were assigned to the second count. The court overruled the demurrer, and the cause was tried on issue joined on the plea of not guilty.

On the trial, as appears from the bill of exceptions, the plaintiff introduced one Howell as a witness, who testified that, "about one or two o'clock in the afternoon of about January 1st, 1882," he walked down the railroad track in search of some stock, and, as he passed, saw plaintiff's cattle, which he de-

scribed, in plaintiff's field about one hundred yards from the railroad; that he found his stock in a field about one mile from the railroad, and then returned, having been absent about an hour and a half; that he was walking back on the railroad track, near the bridge over Cane Creek, when he was overtaken and passed by a train of cars; that he heard the train, after passing him, "whistle, and stop, and then back;" that, after crossing the bridge, he saw the train standing still; "and saw two persons walk around the pilot of the engine, where the cattle were killed, about three or four hundred yards distant from him;" that the train moved off before he reached it, and that, on arriving at the place, he found the cattle killed and injured, as he described. During the examination of this witness, plaintiff asked him this question: "If, during your absence from the railroad on the occasion in question, another train had passed, could you have heard it?" to which question he answered, "that he could have heard any other train, and that there was no other train." The defendant objected to this question and answer each, as calling for and expressing the mere opinion of the witness; and an exception was duly reserved to the overruling of these objections. This being the only evidence as to the time when the injury occurred, the defendant moved the court, after the plaintiff had closed, to exclude it from the jury, on the ground of a variance between it and the averments of the complaint; which motion the court sustained "as to the first count, but overruled as to the second count;" and to the overruling of said motion the defendant duly excepted.

"The plaintiff offered in evidence a part of the record of a suit which had been begun before a justice of the peace, against Jas. B. White, the stock agent of the Memphis & Charleston Railroad Company, prior to the institution of this suit, for $60; which suit had been quashed;" but the court excluded this evidence, on the objection and motion of the defendant. The plaintiff himself testified as to the value of the cattle which were killed and injured; and as to the presentation of his claim for damages to an agent of the defendant. The defendant seems to have introduced no evidence, and the bill of exceptions states that the above "was all the evidence."

"In the course of his concluding argument to the jury, the plaintiff's counsel stated, that the plaintiff had brought his suit in a cheap court, before a justice of the peace, but it was decided to be beyond the jurisdiction of the court, and so he was forced to come into this court, and await its expense and delay. The defendant immediately excepted to said statement so made, because it was the statement of facts which were not in evidence before the jury. The plaintiff's counsel did not in any

way retract his said remarks, but proceeded with his argument; and afterwards, in his further argument, stated to the jury, that the defendant's counsel 'stands up here as the representative of this bloated corporation;' " and again, "This defendant is a large and powerful organization, perhaps counting its employees by the thousand, and it is here litigating with a poor man who has only a few head of cattle." As to each of these statements, the bill of exceptions states, as before, "Defendant immediately excepted to said statement so made, because it was the statement of facts which were not in evidence before the jury; but the counsel proceeded with his argument, and did not in any way retract his remarks."

The several rulings of the court on the pleadings and evidence, as above stated, are now assigned as error; and assignments of error are also based on the remarks of counsel above copied, and the failure of the court to interfere, and to instruct the jury that they could not consider said remarks for any purpose.

HUMES, GORDON & SHEFFEY, for appellant.

J. T. KIRK, contra.

SOMERVILLE, J.—Where a suit is instituted for damages to live stock, or cattle of any kind, caused by locomotives or railroad cars in this State, a justice's court has jurisdiction of such cause, when the value of the stock or cattle so killed, or the damage done, is one hundred dollars, or less.—Code, 1876, § 1711. When such value or damage exceeds one hundred dollars, the suit must be brought in the Circuit Court.—Code, § 1714. All such claims are expressly barred by statute, unless the complaint is made, by suit or presentation, within six months from the date of the killing or injury.—*East Tenn. Va. & Ga. R. R. Co. v. Bayliss*, 74 Ala. 150.

The statute provides that the complaint, when filed with the justice of the peace, must be in writing, and set out the number and character of the stock or cattle so killed or injured, and must also specify "the *time* when, and the *place* where the killing or injury occurred," with the name of the owner, and of the defendant owning or controlling the road, whether a corporation or a natural person.—Code, 1876, § 1711. It is our opinion that like averments should be made when suit is commenced by complaint before the Circuit Court. This is a fair inference of the legislative intention, as shown by the act approved February 3d, 1877, which is embraced in sections 1710 to 1716 of the Code. The purpose of the requirement is to inform the railroad officials, with reasonable certainty, as to the

circumstances attending the alleged injury, so that they may act advisedly in the investigation of the case, either with the view of voluntary adjustment, or of defense at law. The *time*, we think, should be stated to be a specified day of a given month and year. The *place* should be averred to be at a certain locality along the line of the road, describing its distance and direction from a named depot, or other known point. Any thing more general than this would not be sufficiently certain as a statement of " the *time when*, and the *place where* the killing or injury occurred," within the meaning of the statute, or for the fulfilment of its manifest purposes. A mention of the *county* merely is lacking in certainty as to place.

The second count of the complaint in this cause failed to state the particular day in the month of January, 1882, when the alleged injury was done, and was for this reason defective. The demurrer to it based on this ground should have been sustained. The first count alleged the injury to have occurred on the 21st day of January, 1882. The evidence showed that it occurred about the first day of the same month, or three weeks prior to the time stated. This was a variance, and the court erred in refusing to exclude this evidence.

The defendant was liable for any damage wrongfully caused by its locomotives or railroad cars to the live stock or cattle of the plaintiff described in the complaint.—Code, § 1710; *Zeigler v. S. & N. Ala. R. R. Co.*, 58 Ala. 594. The first count of the complaint sufficiently averred that the injury complained of was caused by the negligence of the defendant. The first two grounds of demurrer to this count were properly overruled, under the authority of *S. & N. Ala. R. R. Co. v. Thompson*, 62 Ala. 494.

The question propounded to the witness Howell, and his answer to it, can not be regarded as calling for, or expressing a mere opinion. He was asked, in effect, whether he was near enough to the line of the railroad to have heard any other train than the one in question, if one had passed during the interval of an hour and a half when he was in the neighborhood of the place where the cattle were injured. This called for a fact, not an opinion.—*Cox v. The State*, 76 Ala. 66; *Tesney v. The State*, at the present term, *ante*, p. 33.

The language of counsel used in the argument of the cause was clearly in violation of the rule established by our decisions, governing the latitude of forensic discussions.—*East Tenn., Va. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466; *Motes v. Bates*, 74 Ala. 374; *Wolffe v. Minnis*, 74 Ala. 386; *Cross v. The State*, 68 Ala. 476. As the case is sent back for a new trial on another point, we need not consider whether the exception was properly taken so as to raise this question. Circuit judges

[Montgomery & Eufaula Railway Co. v. Thompson.]

have ample power to check arguments of this character, by setting aside verdicts obtained through their influence, either on motion of the adverse party, or *ex mero motu.* If it were exercised more freely in such cases, this court would probably be troubled with reviewing fewer transgressions of the rule to which we have above referred.

The judgment is reversed, and the cause remanded.