# Bynum *v.* Jones.

### *Assault and Battery.*

(Decided May 28, 1912. 59 South. 65.)

*Assault and Battery; Civil Liability; Provocation.*—Although plaintiff provoked the difficulty, defendant is liable for an assault and battery, if he used more force than was necessary to defend himself.

APPEAL from Blount Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by Joe Bynum against Joe L. Jones, for damages for an assault and battery. From a directed verdict for defendant plaintiff appeals. Reversed and remanded.

J. B. SLOAN, and T. B. RUSSELL, for appellant. The court was in error in giving the affirmative charge in this case.—*Mitchell v. Gambill,* 140 Ala. 316; *Thomason v. Gray,* 82 Ala. 291; *Phillips v. Kelly,* 29 Ala. 628.

O. A. STEELE, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This action was brought by the appellant against the appellee for assault and battery. The complaint was in Code form. The defendant pleaded the general issue, and specially self-defense. The plaintiff demurred to the special pleas, and the demurrers were overruled.

The assignments of error, and the insistence in brief, as to rulings on demurrer, are not sufficient to justify a consideration by us on this appeal. A trial was had on these issues, and the court directed a verdict for the defendant; that is, it gave the affirmative charge, with appropriate hypothesis, for the defendant.

The evidence showed an assault and battery by the defendant with an axe. It was without conflict, however, that the plaintiff provoked the difficulty by words, and the parties thereafter fought willingly; the defendant coming out victor and "on top." We suppose that it was upon the theory that the plaintiff provoked the difficulty that the trial court gave the affirmative instruction for the defendant. In this we think the trial court was in error. It was certainly a question for the jury whether the defendant used any more force than was necessary to defend himself. It was open to the jury to infer that he used more than was necessary, and was therefore liable, although the plaintiff provoked the difficulty.

Mr. Jaggard states the rule thus as to self-defense in civil actions for assault and battery: "Force used in private defense must not exceed the necessity of the case. Defense is not attack. Excessive defense may become an assault and battery. 'In an action for assault and battery, to which the defendant pleads that the plaintiff first assaulted the defendant, who thereupon committed the alleged assault in his own defense, the plaintiff may show that, although he struck the first blow, the defendant was guilty of excess. * * * The old form of defendant's plea, "molliter manus imposuit," * * * shows also the full extent to which the law allows a man to defend himself from an unprovoked assault.' Therefore, in an action for assault, where it appears that the plaintiff first attacked the defendant,

he cannot recover, unless the defendant used more force than was necessary in repelling the attack. When resistance exceeds the bounds of mere defense, so as to become vindictive, the defender becomes the aggressor, and may himself commit an assault."—Torts, vol. 1, p. 442.

Mr. Cooley, on the subject as to whether the defense is commensurate, says: "The question whether the force employed in defense of the person or property is excessive must generally be one of fact."—Torts, vol. 1, p. 295.

The rule is stated by this court as follows, in the case of *Thomason v. Gray*, 82 Ala. 293, 294, 3 South. 39 : "In all cases where a defendant is guilty of a criminal or indictable assault and battery, a civil action for damages would, on the same state of facts, lie against him in favor of the party assaulted and beaten. Self-defense is an excuse for the one as much as the other, and this must be so under precisely the same principles. In civil actions, as well as in criminal, the rule obtains that if the defendant was the aggressor, and brought on the difficulty, he cannot invoke the doctrine of self-defense, because it would be allowing him to take advantage of his own wrong. So, the doctrine being based on necessity, the party resorting to it can go no further in doing damage or violence to his adversary than what is reasonably necessary and unavoidable. His retaliation cannot innocently be disproportionate to the necessities of the occasion, or excessive of the provocation received. It could only lead to confusion and uncertainty to attempt laying down a different rule for these two classes of cases."

For the error indicated, the judgment of the lower court must be reversed.

Reversed and remanded. All the Justices concur.