(80 South. 433)

MILLER v. McGUIRE.    (1 Div. 51.)

(Supreme Court of Alabama.   Nov. 28, 1918.)

1. TRIAL ⊜⇒253(9) — INSTRUCTIONS — USE OF FORCE IN RESISTING TRESPASS — IGNORING EVIDENCE.

In action for assault, where the evidence was conflicting as to whether defendant requested plaintiff, a trespasser, to leave his premises and she refused to do so, before he used any force, a charge which would have justified defendant's use of force without first requesting plaintiff to depart was properly refused.

2. APPEAL AND ERROR ⊜⇒1058(1)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In action for assault in ejecting plaintiff as a trespasser, upon the question of necessary use of force, the exclusion of plaintiff's answer to a question whether she went to defendant's dance hall determined to go in and stay in was not reversible error, since her uncommunicated purpose was not material, and her determination was apparent from other evidence.

3. EVIDENCE ⊜⇒269(1), 357 — ADMISSIBILITY.

In a civil action for assault and battery in resisting plaintiff's trespass, where plaintiff testified she had authorized a justice of the peace to write a letter informing defendant of her intention to seek admission to his dance hall on night in question, a paragraph of the letter relating thereto was properly admissible, as a declaration by plaintiff, but independent observations therein irrelevant and inadmissible rendered the letter inadmissible as a whole.

4. ASSAULT AND BATTERY ⊜⇒24(1)—CIVIL ACTIONS — COMPENSATORY DAMAGES — PLEADINGS.

In an action for assault and battery in code form, which does not show the character of the offense, there can be no recovery of compensatory damages, even for physical pain or mental suffering, unless the elements of injury are stated and the damages claimed in the complaint.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Action by Minnie S. McGuire, a grown woman, against E. G. Miller, in trespass in statutory form for an assault and battery committed upon plaintiff by defendant. Judgment for plaintiff, and defendant appeals.   Transferred from Court of Appeals under section 6, Acts 1911, p. 450.  Reversed and remanded.

The pleas were the general issue, molliter manus imposuit in protection of defendant's premises from the trespass of plaintiff. Defendant was the proprietor of a dance hall to which he invited and admitted men and women generally who were of good character, and who were not otherwise offensive, but reserved the right to exclude any one at his discretion.   He had informed plaintiff that she could not attend his entertainments, and warned her not to enter his place.  A few days later plaintiff went to the place and entered the hall while an entertainment was going on, and when she had gotten a few feet within the door defendant approached her, grasped her by the arm, and led her to the door.   According to plaintiff's testimony this was done without preliminary address to her, and was rude in manner and touch, and kicked her foot loose as she was holding with it at the door.   Defendant's testimony was to the effect that he first told her she would have to go out, and then took hold of her arm and led her out as easily as he could after she had refused to go.   Defendant requested the following charges which were refused by the court:

(1) Affirmative charge.

(A) Plaintiff cannot recover for suffering or injuries sustained on account of defendant striking or kicking her ankle.

(B) Plaintiff cannot recover for physical suffering in this case, or for physical injuries sustained by her.

(C) Plaintiff cannot recover for physical pain caused by the assault and battery in this case.

(D) Defendant had a right to refuse admission to any one he cared to, and if he did not want plaintiff to enter said dance hall he had a perfect right to refuse admission to her, and if you are reasonably satisfied from the evidence that prior to August 26, 1915, defendant notified plaintiff to stay away from his dance hall, but notwithstanding said notice plaintiff entered the hall after being so notified, defendant could eject her, and if you are further reasonably satisfied from the evidence that defendant did not use excessive force in ejecting her from said dance hall, defendant is not liable.

There was verdict and judgment for $250.

Webb, McAlpine & Grove, of Mobile, for appellant.

John E. Mitchell, of Mobile, for appellee.

SOMERVILLE, J.   "In order to justify the use of force in ejecting a trespasser from defendant's premises, where he entered peaceably, it should be shown that defendant first requested the trespasser to depart and that he refused after being allowed a reasonable time to do so; but where the trespasser uses actual force in effecting an entrance, then no request is necessary before forcibly ejecting him." 5 Corp. Jur. 634, § 29.  This text is fully supported by the cases.  Hannabalson v. Sessions (Iowa) 93 Am. St. Rep. 250, note, 256:   In our own case of Motes v.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bates, 74 Ala. 374, 378, this qualification of the right to eject is expressly recognized.

[1] In the instant case defendant's testimony that he requested plaintiff to leave his premises, and that she refused to do so, before he used any force, is contradicted by plaintiff's testimony. It is obvious, therefore, that charge "D," which would have justified defendant's use of force without first requesting plaintiff to depart, was properly refused.

The theory of the rule is that the use of force to expel a trespasser who has entered peaceably is presumed to be unnecessary until the trespasser has refused to go upon request. This issue was necessarily comprehended in defendant's pleas of justification, which affirmed that defendant ejected plaintiff, a trespasser, "using only such force as was necessary to eject her from said hall."

[2] On the cross-examination of plaintiff she was asked, apropos of her visit to the dance hall on the night in question, if she "went down there determined to go in and stay in." On her objection, this question was excluded.

Even though answered affirmatively, we think that plaintiff's uncommunicated purpose in that regard was not material to the issues of the case, viz. whether any force was necessary for plaintiff's expulsion, and, if so, how much and of what kind. Moreover, it would seem that her purpose to enter the hall and remain was sufficiently apparent without any direct admission from her. The exclusion of the question was not reversible error.

[3] The trial judge also excluded a letter written to defendant on the day of the alleged assault by a justice of the peace whom plaintiff has consulted as to her right to be admitted to defendant's dance hall.

Plaintiff had testified that she authorized the justice to write a letter informing defendant that she intended to seek admission on the night in question, and that particular paragraph of the letter was properly admissible, as being in effect a declaration by plaintiff herself. But the letter contains numerous independent observations made by the justice ex mero motu which are irrelevant and flagrantly inadmissible for any purpose. offered, as it was, as a whole, the letter was properly excluded.

[4] It seems to be now fully settled in this state that in an action for an assault and battery in Code form, which does not show the character of the offense, there can be no recovery of compensatory damages, even for physical pain or mental suffering, unless the elements of injury are stated and the damages claimed in the complaint. Irby v. Wilde, 150 Ala. 402, 43 South. 574; Powell v. Schimpf, 154 Ala. 665, 44 South. 1044; S. S. S. & I. Co. v. Dickinson, 167 Ala. 211, 52 South. 594.

Under these decisions, we are constrained to hold that the trial court erred in refusing to give at defendant's request the several charges denying plaintiff's right to recover for physical injuries or physical suffering caused by the battery complained of.

For this error the judgment must be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.