(100 South. 240)

## BROOKSIDE–PRATT MINING CO. v. BOOTH. (7 Div. 426.)

'(Supreme Court of Alabama. April 17, 1924. Rehearing Denied May 15, 1924.)

**1. Pleading ☞1—Subsequent pleadings must refer to or support complaint and plea.**

Whatever the parties respectively allege in their subsequent pleadings must be referred to, fortify, and support, respectively, the complaint or declaration of plaintiff and the plea of defendant.

**2. Pleading ☞173, 183, 184, 185—Requisites of pleadings subsequent to complaint and plea stated.**

The replication must so answer a plea as to support the complaint, and the rejoinder must so answer the replication, as to support the plea, and likewise the surrejoinder must support the replication, the rebutter the rejoinder, and the surrebutter the surrejoinder.

**3. Assault and battery ☞15—Merchant may withdraw invitation to trade and thereafter eject person from whom invitation withdrawn.**

Merchant or storekeeper may withdraw invitation to trade from such persons as he may desire, and thereafter, if such persons come into his store or commissary, he may eject them by the use of no more force than is reasonably necessary if such persons refuse to leave after notice and a reasonable time in which to do so.

**4. Licenses ☞58(1)—Gratuitous license to go on lands of another is revocable at will.**

Every gratuitous license to go upon or pass over the lands of another is revocable at the mere will of the person granting it.

**5. Assault and battery ☞2—Licensee wrongfully ejected may recover for an assault committed upon him.**

One rightfully in the place at the time when he is ejected therefrom may recover for the assault committed.

Appeal from Circuit Court, Shelby County; W. M. Lackey, Judge.

Action for damages for assault and battery by John T. Booth, against the Brookside-Pratt Mining Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The second count of the complaint is as follows:

"Plaintiff claims of the defendant the sum of, to-wit, twenty-five thousand dollars as damages for an assault and battery committed by defendant's agent, to wit, one Bob Milligan, who was then and there acting within the line and scope of his employment, on plaintiff on, to wit, the 8th day of April, 1922, at or near defendant's mines at or near Coalmont, Shelby county, Alabama. And plaintiff avers that the said, to wit, Bob Milligan, who was then and there acting within the line and scope of his employment, kicked plaintiff, shot hole through plaintiff's trousers with pistol, and struck plaintiff on forehead with pistol, cutting gash in plaintiff's forehead, to wit, three and a half inches long and to the bone. Plaintiff avers that by reason and as a proximate consequence of said assault and battery described above, plaintiff was greatly wounded and bruised on his head and body, and was caused to suffer great mental pain and physical pain, and was subjected to great humiliation, indignation and shame, and was made sick and was caused to lose much time from his work, all to plaintiff's damage as aforesaid; wherefore plaintiff sues."

Pleas D and E are as follows:

"Plea D. For further plea and answer to each count of plaintiff's complaint says: That the defendant on the occasion complained of was operating a commissary at Coalmont, Ala., for the sale of divers goods, wares and merchandise, and the plaintiff on the said 8th day of April, 1922, came to and entered defendant's commissary as aforesaid, which was located in the town of Coalmont, Ala., and failed or refused without legal cause or good excuse, to immediately leave on being ordered or requested to do so by the duly authorized agent of this defendant, to wit, Bob Milligan; and defendant further avers that its said agent Milligan employed no more force than was reasonably necessary in ejecting or attempting to eject the plaintiff from defendant's said commissary."

"Plea E. For further plea and answer to each count of plaintiff's complaint, separately and severally, defendant says that for some years prior to April 8th, 1922, and on said date defendant was operating a commissary at which it sold divers wares, goods and merchandise at Coalmont, Ala., that within six months prior to the occasion complained of to wit, April 8th, 1922, the plaintiff had been warned to stay off the premises of the defendant at Coalmont, Ala. by defendant's duly authorized agent, but that notwithstanding such warning plaintiff on said April 8th, 1922, voluntarily came on and into the defendant's said commissary at Coalmont, Ala., and defendant avers that after plaintiff came into said commissary he was requested by defendant's duly authorized agent, Bob Milligan, to leave the premises of said commissary, and plaintiff failing and refusing to leave within a reasonable time after such request, defendant's authorized agent as aforesaid ejected or attempted to eject the plaintiff from said commissary, using no more force than was reasonably necessary to do so."

Leeper, Haynes & Wallace, of Columbiana, and Tillman, Bradley & Baldwin and John S. Coleman, all of Birmingham, for appellant.

The proprietor of a commissary has the right to admit those he pleases, and to withdraw the invitation to trade to persons undesirable; and if they fail to leave he may eject them, using such force as appears reasonably necessary. Watrous v. Steel, 4 Vt. 629, 24 Am. Dec. 648; Breitenbach v. Trowbridge, 64 Mich. 393, 31 N. W. 402, 8 Am. St. Rep. 829; Woodman v. Howell, 45 Ill. 367, 92 Am. Dec. 221; Brewster v. Miller Sons,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

101 Ky. 368, 41 S. W. 301, 38 L. R. A. 505; Crouch v. Ringer, 110 Wash. 612, 188 Pac. 782, 9 A. L. R. 374; Cecil v. Green, 161 Ill. 265, 43 N. E. 1105, 32 L. R. A. 566; Murphy v. Coleman, 9 Ala. App. 625, 64 South. 185; Caldwell v. State, 160 Ala. 96, 49 South. 679; Kennedy v. State, 140 Ala. 1, 37 South. 90. And he is not liable where he brings on a difficulty in ejecting a trespasser from his premises, who refuses to leave. Jones v. Bynum, 189 Ala. 677, 66 South. 639; Hyde v. Cain, 159 Ala. 364, 47 South. 1014.

Longshore, Koenig & Longshore, of Columbiana, for appellee.

The right to eject a trespasser by force may not be exercised until the owner has first requested him to depart. 2 R. C. L. 558; 18 A. & E. Ency. L. (2d Ed.) 1133; Jones v. Bynum, 189 Ala. 677, 66 South. 639; Motes v. Bates, 74 Ala. 374. The force used must be no more than is reasonably necessary under the circumstances of the particular case. A mere trespass, if not a breach of the peace, will not justify the use of a deadly weapon to drive the intruder off. State v. Paxson, 6 Boyce (Del.) 249, 99 Atl. 46; State v. Dixon, 7 Idaho, 518, 63 Pac. 801; State v. Montgomery, 65 Iowa, 483, 22 N. W. 639; James v. Hayes, 63 Kan. 133, 65 Pac. 241; Comm. v. Goodwin, 3 Cush. (Mass.) 154; State v. Tripp, 34 Minn. 25, 24 N. W. 290; State v. Noeninger, 108 Mo. 166, 18 S. W. 990; State v. Hunskor, 16 N. D. 420, 114 N. W. 996; Cordes v. Mason, 32 Ohio Cir. Ct. 530; Dickinson v. State, 3 Okl. Cr. 151, 104 Pac. 923; Lewis v. Fleer, 30 Pa. Super. Ct. 237; Montgomery v. Comm., 98 Va. 840, 36 S. E. 371; Newcome v. Russell, 133 Ky. 29, 117 S. W. 305, 22 L. R. A. (N. S.) 724; Glassey v. Dye, 83 Neb. 615, 119 N. W. 1128.

THOMAS, J. The suit was to recover damages for an assault and battery alleged to have been committed by defendant's agents upon plaintiff while he was at defendant's commissary. The trial was had on the second count of the complaint to which demurrer was overruled. The assignment of error challenging the ruling on demurrer is not insisted upon. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158.

The second, third, and fourth assignments of error challenge the sustaining of demurrers to pleas A, B, and E. Demurrers were overruled to pleas C and D. The insistence of appellant is that the latter pleas were drawn under section 7827 of the Code of 1907, while the pleas to which demurrers were sustained are not so drawn.

[1, 2] A rule of good pleading long prevailing is that whatever the parties respectively allege in their subsequent pleadings must be referred to, fortify or support, respectively, the complaint or declaration of the plaintiff and the plea of the defendant. The observance of this rule is imperative to prevent an entire change of the "foundation of the action and of the defense" by "successive stages of the pleadings" and thus defeat the primary object of pleading. That is to say, the replication must so answer the plea as to support the complaint, and the rejoinder must so answer the replication as to support the plea. In the same manner, the surrejoinder must support the replication, "the rebutter the rejoinder, and the surrebutter the surrejoinder." The result of this rule, as said by Mr. Gould, the process being thus conducted, is that which is last pleaded on either side necessarily goes in support of what was first pleaded on the same side. Ex parte Hines, Sir. Gen. (Hines v. McMillan), 205 Ala. 17, 87 South. 691; Wills' Gould on Pleading (6th Ed.) p. 93.

We take as illustrations pleas D and E; the latter was eliminated by demurrer, probably on the ground that defendant's commissary was a public place for the retail sale of goods, wares, and merchandise usually sold to the public in such commissaries, and that plaintiff had the right to go there to buy (smoking tobacco, as he says in his replication), even though he had been previously warned not to do so or not to come upon the defendant's premises.

[3] The merchant, as proprietor of a commissary, or a storekeeper has the right to withdraw the express or implied invitation to trade from such persons as he may desire, and thereafter if such persons come into his store or commissary he may eject them by the use of no more force than is reasonably necessary, under the circumstances of the particular case, if such persons refuse to leave after notice and a reasonable time in which so to do. There is slight analogy in Ashworth, Adm'r, v. A. G. S. R. R. Co., ante, p. 20, 99 South. 191.

The rule is stated in 2 R. C. L. p. 557, § 36, as follows:

"The right of a person to protect his property necessarily includes the right to eject persons trespassing thereon. To permit all persons at their will to enter and to remain in the house or the close of another, would practically destroy the dominion of the owner over his property, and would render it almost useless as well as worthless. Such has never been the law, and so long as there is such a thing as individual ownership of property, it is not probable that it ever will be. However, in an action for assault and battery a plea of justification, based on the right of the defendant to eject a trespasser, is good only where it appears that the force used in effecting the ejection was no more than that which was reasonably necessary under the circumstances of the particular case."

The right of the occupant of a house or store—and other public or semipublic places —to control it and admit whom he pleases to

enter and remain therein, and to expel therefrom "any one who abuses the privilege which has been given," is well supported by the authorities. Of the exercise of this right, it is said in 2 R. C. L. p. 559, § 37:

" * * * While the entry by one person on the premises of another may be lawful, by reason of express or implied invitation to enter, his failure to depart, on the request of the owner, will make him a trespasser and justify the owner in using reasonable force to eject ·him. The most common cases involving the right of an owner to eject one from his premises who entered lawfully are those where a person enters a hotel or business place or the conveyance of a common carrier, and while therein forfeits his right to remain by his misconduct or failure to comply with the reasonable rules and regulations. On the forfeiture of his right he becomes a common trespasser and may be forcibly ejected on failure to depart after a request to do so. Where the nature of the business of the owner of property is such as impliedly to invite to his premises persons seeking to do business with him, he may nevertheless in most instances refuse to allow a certain person to come on his premises, and if such person does thereafter enter his premises he is subject to ejection although his conduct on the particular occasion is not wrongful."

In 5 C. J. p. 632, § 27, the text is that a lawful owner or occupant of premises, or one claiming title and rightfully in possession, may retain possession and use such force as may appear to be reasonably necessary to remove therefrom the trespassers as intruders, after allowing them a reasonable time to depart after notice so to do. Jones v. Bynum, 189 Ala. 677, 66 South. 639; Ashworth, Adm'r, v. A. G. S. R. R. Co., supra; Bynum v. Jones, 177 Ala. 431, 59 South. 65; Hyde v. Cain, 159 Ala. 364, 47 South. 1014; Thomason v. Gray, 82 Ala. 291, 3 South. 38; New Morgan County, B. & L. Ass'n v. Plemmons, 210 Ala. 286, 98 South. 12; Motes v. Bates, 74 Ala. 374; Miller v. McGuire, 202 Ala. 351, 80 South. 433; L. R. A. 1918E, 1054, 1055, note; Cooley on Torts, 167, 168; 3 Cyc. 1045, 1046.

[4, 5] Every license of this kind, by which one is permitted, without a consideration, to go upon or pass over the lands of another, is revocable in its very nature, its dependence being "upon the mere will of the person by whom it is created or granted." Motes v. Bates, 74 Ala. 374. The contrary must be true, that one rightfully in the place at the time when he is ejected may recover for such an assault committed upon him. 5 C. J. p. 634, § 27.

There was error in sustaining demurrer to Plea E.

It is unnecessary to consider the other questions presented. They may not arise on another trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and MILLER, JJ., concur.