193 So. 182

### SHERRILL v. NAYLOR.

#### 8 Div. 834.

Court of Appeals of Alabama.

Oct. 3, 1939.

Rehearing Denied Oct. 31, 1939.

---

[1] 238 Ala. 2, 219.

John W. Sherrill, Jr. and S. A. Lynne, both of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellee.

SAMFORD, Judge.

Count One of the complaint is as follows: "Count 1: The plaintiff claims of the defendant the sum of Ten Thousand ($10,000) Dollars as damages, for that, heretofore on or about the 14th day of June, 1936, the plaintiff in the early afternoon was lying peacefully asleep in an outhouse or barn on the premises of one, Oscar (Austin) Owens, a tenant, on the plantation of defendant, or of her husband, S. L. Sherrill, at which time and place defendant wrongfully poured crude coal oil, petroleum, or other hurtful liquid on the plaintiff, whereby plaintiff's eyes, head, shoulders, and back were caused to be burned, blistered, and inflamed, and made sore; and plaintiff was thereby caused to suffer great mental and physical agony, and was caused to lose sleep and rest. The leaders or muscles in the back part of his neck were thereby approximately caused to be drawn, strained, and made painful; and plaintiff's earning capacity and his ability to work and to earn money were greatly diminished and impaired, and his health undermined, and his physical powers permanently weakened." This count being taken as it is written charges an assault and battery by the defendant on the person of the plaintiff, and is not subject to any ground of demurrer interposed. Even eliminating the word "wrongfully", which defendant claims is a conclusion of the pleader, the count charges an assault and battery which would justify a recovery.

The allegations in the count were sufficient to justify a recovery of compensatory damages for physical pain or mental anguish. Miller v. McGuire, 202 Ala. 351, 80 So. 433.

The pleas filed by the defendant to the complaint were by way of confession and avoidance, but it is not averred in said pleas that the assault and battery alleged in the complaint was at the same time or immediately connected with the alleged misconduct of the plaintiff. Nor, were the facts alleged in the pleas sufficient to connect the act of defendant with the alleged misconduct of the plaintiff. The facts as set up in the several pleas do not present a defense to this action. The demurrers to the pleas were properly sustained.

The facts as shown by this record on the part of the plaintiff tend to prove that the plaintiff was lying in a barn, or outhouse, on the plantation of the defendant; said barn being connected with the residence of a tenant on defendant's place; that the plaintiff had been taken to the outhouse by the occupant of the tenant house and there left in a condition of inebriety; that he was unconscious, helpless and that this condition was either from alcohol or that he was sound asleep; that while in this condition the defendant came to the door of the outhouse and threw a lot of coal oil on plaintiff's face and shoulders, causing serious injury to his eyes, his skin and his shoulders, producing blisters which were painful and injurious and required medical attention.

There was some evidence tending to prove that the outhouse in which plaintiff was asleep, or unconscious, was not in the possession of the defendant at the time of the assault, but was in the possession of her tenant. But, as to this, we think the whole inquiry was immaterial. Granting, for the sake of the argument, that defendant was in possession of the outhouse; that plaintiff was in the outhouse after he had been warned to stay out; and granting further, that defendant had a right to eject plaintiff from the premises, these facts did not give to the defendant the right to throw on the face and body of the unconscious and defenseless plaintiff the noxious or poisonous fluid which, according to the inferences to be drawn from the evidence, she did. If the plaintiff was to be ejected, defendant had her adequate remedy in a legal way to have accomplished this fact.

Counsel for appellant have quoted to us, in brief, the strong language used by our Supreme Court in the case of Simpson v. State, 59 Ala. 1, 14, 31 Am.Rep. 1, and have cited numerous authorities declaring that it is a settled principle of our law, that everyone has the right to defend his person, and

property, against unlawful violence, and may employ as much force as is necessary to prevent its invasion. But appellant's counsel have found no decision, and we dare say could not find a decision, where a property owner finding a trespasser unconscious, harmless, defenseless, lying on his premises could, in any manner, be justified in dashing a cup of petrol or vitriol, or other dangerous fluid, in his face as a method of ejecting him from the premises.

In line with the foregoing, the trial court committed no error in giving, at the request of the plaintiff, charge No. 1.

 Under the facts as disclosed by the record, there was no evidence that the plaintiff committed any wrong against the property or possession of Mrs. Sherrill, the defendant. And hence, a charge given at the request of the plaintiff asserting this fact was without error.

In connection with the giving of the charge: "If the jury believe the evidence, Mr. Naylor committed no wrong against the property or possession of Mrs. Sherrill," the court stated: "The plaintiff has asked the general charge in this case on that point and I am going to give it. I give that charge that if you believe the evidence in this case, that you will find that the premises where this happened were in the possession of Austin Owen. A little further on that point: If Austin Owen was living there at that place at that time and had been living there, and was in possession of that place at the time this case happened, by any kind of arrangements, that he had with Mrs. Sherrill, or by her permission, then gentlemen of the jury, it was his premises and a notice by Mrs. Sherrill to keep off of her premises would have no application to a trespass on those particular premises at that time." But, be that as it may, and even if the outhouse, where the plaintiff was found and where he was assaulted, was in the possession of the defendant, the act of throwing the petrol on him in the manner testified to by the witnesses cannot be justified on the theory that she was doing it in an effort to eject him. However, the undisputed fact was that the barn or outhouse was in possession of Austin Owens, tenant of the defendant.

In his argument to the jury plaintiff's counsel made the statement: "In failing to take the stand and tell what was in the cup, she impliedly admits that she is guilty." This is a mere argument on the part of counsel, and the action of the court in overruling defendant's objection was without error. The fact as to whether the defendant committed the act resulting in the injury of plaintiff was a question, under the evidence, for the jury.

We have read this record and considered every proposition raised by the appellant in connection with the very extensive and careful oral charge of the court, and we find that the appellant was given on the trial even more than she was entitled to by way of her defense, and if technical errors have crept in they were as to matters not substantially affecting appellant's rights.

 Under the facts of this case the application of such force as was used by the defendant on the plaintiff cannot be justified by the fact that she was the owner of the property where the plaintiff was found, and that at the time she threw the fluid on him he was a trespasser. Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943, 21 Ann.Cas. 1149; Bynum v. Jones, 177 Ala. 431, 59 So. 65; Moore v. Nashville, C. & St. L. R., 137 Ala. 495, 34 So. 617.

If the owner of property desires to eject a trespasser, the law affords him appropriate remedies, but it does not countenance the substitution of physical violence in the place of these remedies. Birmingham Ry. Light & Power Co. v. Norris, 2 Ala.App. 610, 56 So. 739.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.