and one is here rendered sustaining the demurrer interposed with the usual right to amend, and the cause is remanded.

Reversed, rendered and remanded.

GARDNER, C. J., and BOULDIN, BROWN and LIVINGSTON, JJ., concur.

THOMAS and FOSTER, JJ., dissent.

LAWSON, J., not sitting

11 So.2d 366

FIRST NAT. BANK OF DOZIER v. HENDERSON.

4 Div. 269.

Supreme Court of Alabama.

Dec. 17, 1942.

Rehearing Denied Jan. 28, 1943.

638

Murphy & Cook and E. O. Baldwin, all of Andalusia, for appellant.

W. H. Albritton and Powell, Albritton & Albritton, all of Andalusia, for appellee.

BROWN, Justice.

Assumpsit on note under seal, alleged to have been executed by T. E. Henderson, defendant's intestate, to the plaintiff on the 8th day of February, 1933.

The defendant filed among others, pleas 3, 4 and 5, setting up, in short, that defendant's intestate, the maker of said note, was on the 21st day of February, 1934, duly adjudicated a bankrupt under the Acts of Congress, by the District Court of the United States for the Northern Division of the Middle District of Alabama, and thereafter in June, 1936, was duly discharged from the obligation to pay all debts and claims existing on and prior to the date of said adjudication, among others, the debt or claim represented by the note sued on.

To said pleas the plaintiff filed its replications, the first of which avers, "That after the said T. E. Henderson made composition of his debts and was discharged from said debts he promised to pay the note or obligation sued on in this case." The other replications are in substance the same except they aver the promise to pay the balance due on his note was made by said Henderson after June 1, 1936.

To these replications the defendant filed three rejoinders, the second averring, "That the demand or obligation set up by way of replication in this cause and upon which judgment is sought against this Defendant is an entirely new and distinct obligation from the demand or obligation sued on in the original complaint and that said demand

or obligation set up by way of the replications by Plaintiff in this cause was not presented against the Estate of ·this Defendant's intestate within six months after the grant of letters of administration * * *."

The third is in substance the same as the above while the fourth is more in detail, and will appear in the statement of the reporter. Attached to said rejoinder as Exhibit "A" is the claim filed in the office of the Judge of Probate of the county in which the letters of administration were granted within the time prescribed by the statute [Code 1923, § 5815; Code 1940, T. 61, § 211], duly verified, and to which a copy of the note sued on is attached, and in the affidavit of verification it is stated, "the above and foregoing statement of the account and indebtedness due by said T. E. Henderson, deceased, to said The First National Bank of Dozier is true and correct as above stated after allowing all just credits, and that the same, as shown by said statement is due and unpaid." Paragraph five is treated as a part of rejoinder four.

The plaintiff demurred to said rejoinders, the court overruled the demurrer, and the plaintiff thereupon took a voluntary nonsuit, and appealed. Code 1940, T. 7, § 819.

■ The adjudication and discharge in bankruptcy discharges the obligation to pay and bars the remedy, but does not destroy the debt or supplant the moral obligation to pay. Zavelo v. Reeves, 227 U.S. 625, 33 S.Ct. 365, '57 L.Ed. 676, Ann. Cas.1914D, 664, 29 A.B.R. 493.

In the cited case, the first to interpret and apply the Act of Congress of 1898, 11 U.S.C.A. § 1 et seq. by the court of last resort, it was said, "It is settled, however, that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. And in reason, as well as by the greater weight of authority, the date of the new promise is immaterial. The theory is that the discharge destroys the remedy, but not the indebtedness." 227 U.S. 629, 33 S.Ct. 367, 57 L.Ed. 676, Ann.Cas. 1914D, 664, 29 A.B.R. 493.

The text in 6 Am.Jur. at p. 802, § 484, founded on Zavelo v. Reeves, supra, dealing with the nature of the release, states the rule thus: "A discharge in bankruptcy releases the bankrupt from the obligation of a debt, not in the sense that the debt is paid or satisfied, but only that there is afforded the debtor a complete legal defense to an action on the debt if he chooses to avail himself of it. The remedy upon the debt and the legal, but not the moral, obligation to pay are at an end. The debt itself is not extinguished or canceled, and it still has life to furnish consideration for any valid contract that may thereafter be entered into concerning it. * * *."

The text was cited with approval and followed in Covington et al. v. Robinson, 242 Ala. 337, 6 So.2d 421, 423.

■ The defense afforded the debtor by the discharge in bankruptcy may be waived, and is waived in a suit on the original obligation, if not pleaded by the debtor. Covington et al. v. Robinson, supra; 6 Am.Juris. p. 827, § 522.

■ An express promise to pay, supported by the original debt and the moral obligation on the part of the debtor to · pay, referred to in the books as a "new promise" is a waiver of the defense afforded by the discharge and may be pleaded as such by the creditor in replication to a plea setting up the discharge in bankruptcy. Wolffe v. Eberlein, 74 Ala. 99, 49 Am.Rep. 809; Griel & Bro. v. Solomon, 82 Ala. 85, 2 So. 322, 60 Am.Rep. 733; Torry v. Krauss, 149 Ala. 200, 43 So. 184.

8 C.J.S., Bankruptcy, p. 1570, § 583. "The bar of the discharge may be removed or waived, however, and the debt revived by a new promise, made after the bankruptcy of the debtor, in accord with the rules hereinafter set forth, no new consideration being necessary to support such new promise. Many cases approach the problem from the standpoint of consideration and hold that a discharge in bankruptcy does not extinguish the moral obligation of the debtor to pay, such moral obligation constituting a sufficient consideration for a new promise by the debtor to pay the debt as permits recovery thereon, if such promise has not been obtained by fraud, and is not otherwise void as illegal or contrary to public policy."

■ The "new promise" pleaded in the replications to defendant's pleas is not "an entirely new and distinct obligation from the demand or obligation sued on" as asserted in rejoinder 2, but is a dependent obligation tied in with the original debt and the moral obligation of the debtor to pay.

The bar of the statute of nonclaim is a complete defense, independent of the discharge in bankruptcy, and the failure or not to comply with the statute, Code 1940, T. 61, § 211, is no answer to the replications setting up a waiver of the defense afforded by said discharge. It does not confess and avoid the matter set up in the replication, nor does it support the plea, but sets up an independent defense. Brookside-Pratt Mining Co., v. Booth, 211 Ala. 268, 100 So. 240, 33 A.L.R. 417.

The rule is thus stated in the case cited: "A rule of good pleading long prevailing is that whatever the parties respectively allege in their subsequent pleadings must be referred to, fortify, and support, respectively, the complaint or declaration of the plaintiff and the plea of the defendant. The observance of this rule is imperative to prevent an entire change of the 'foundation of the action and of the defense' by 'successive stages of the pleadings' and thus defeat the primary object of pleading. That is to say, the replication must so answer the plea as to support the complaint, and the rejoinder must so answer the replication as to support the plea. * * *" 211 Ala. 269, 100 So. 241, 33 A.L.R. 417.

Some of the grounds of demurrer to the rejoinder were well taken and the court erred in overruling the demurrer.

The demurrer to the fourth rejoinder was well taken for another reason. The averments of said rejoinder and the copy of the verified claim filed with the Judge of Probate, attached thereto, was a substantial compliance with the statute, and was sufficient to put the administratrix on inquiry. Code 1940, T. 61, § 214; Roberts v. Grayson et al., 233 Ala. 658, 173 So. 38.

The authorities are agreed that for the purposes of the remedy, the original debt may be still considered the cause of action. Herrington v. Davitt et al., Ex'rs, 220 N.Y. 162, 115 N.E. 476, 1 A.L.R. 1700. The statute of nonclaim requiring the filing of the claim with the probate judge of the county granting the letters of administration is a part of our procedural law.

The judgment of nonsuit is reversed and vacated and the cause is remanded to the circuit court for trial.

Reversed and remanded.

THOMAS, BOULDIN, FOSTER and LIVINGSTON, JJ., concur.

GARDNER, C. J., and LAWSON, J., dissent.

GARDNER, Chief Justice (dissenting).

I am unable to agree. The case of Wolffe v. Eberlein, 74 Ala. 99, 49 Am.Rep. 809, contains a full discussion concerning the effect of a discharge in bankruptcy and is demonstrative of the fact that the difference of views bears relation more to the question of pleading than to substantive law. 8 C.J.S., Bankruptcy, § 583, p. 1577. And even as to this matter the Wolffe case points out that the rulings as to the feature of pleadings present "an anomaly in the law", and is only adhered to because "sanctioned by long practice rather than in principle." But we are not concerned with distinctions of that character. What is most impressive and reaches to the foundation of this litigation is the fact that in this case the new promise by the discharged bankrupt is the very basis of plaintiff's cause of action. The claim filed speaks only of the original debt, the note executed by the discharged bankrupt.

Plaintiff presumably knew that as administratrix of the estate the defendant was under solemn obligation to recognize the fact that the debtor had been relieved of the legal obligation to pay by the decree in the bankruptcy court, and could not be permitted in any manner to waive such discharge. With this knowledge the plaintiff filed a claim with no reference whatever or any indication that its claim was founded upon a new promise made by the decedent.

In the Wolffe case, supra, the court said: "That the new promise is the true and real foundation of the cause of action, and, strictly speaking, upon it alone can a recovery be had. Such is the settled doctrine of this court, and since the case of Bell v. Morrison, 1 Pet. 351, 7 L.Ed. 174, decided by Judge Story more than fifty years ago, it may be regarded as the recognized doctrine in this country."

It is my view the prevailing opinion in this case fails to give proper recognition to the purpose of our statute of nonclaims. It is settled by our decisions that though technical accuracy is not required, yet the statement must of itself, inform the personal representative on an inspection of it, of the nature, character, and amount of the liability it imports, and must distinguish it with reasonable certainty from all similar claims. Roberts v. Grayson, 233 Ala. 658, 173 So. 38; Floyd v. Clayton, 67 Ala. 265.

The real purpose of the statute was that the claim give to the personal representative such proper information that he may determine—assuming its validity—how far he can proceed safely in the administration of the estate as solvent. Bibb & Falkner v. Mitchell, '58 Ala. 657, Metcalf v. Payne, 214 Ala. 81, 106 So. 496.

It would seem clear enough that the claim filed fails entirely to meet the letter or the spirit of the statute. It contains no hint of a new promise and nothing whatever to distinguish it in the slightest from other similar claims of which the bankrupt had been discharged. Knowing of the discharge of the bankrupt and without the slightest indication of any claim of a new promise which must be the foundation of this suit, I respectfully submit the personal representative had the perfect legal right to consider this debt as discharged with the others in reaching a determination as to the solvency of the estate. The claim filed withholds from the administratrix the only pertinent fact which might lead to a contrary conclusion, a fact upon which plaintiff must rely for recovery. And so far as the very foundation of his claim is concerned his statement tells the administratrix nothing.

Much more might be said with additional citation of authorities. But I forego further discussion. I am fully convinced that the trial court correctly ruled and of consequence respectfully dissent.

LAWSON, J. concurs in the foregoing views.