**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**RAY STULL, Defendant**

Criminal No. 107-1967

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 7, 1968

Bruce MacGibbon, Assistant Attorney General, *for plaintiff*

Maas, Ireland and Bruno (Thomas D. Ireland, Esq.), Charlotte Amalie, St. Thomas, Virgin Islands *for defendant*

GORDON, *District Judge*

### MEMORANDUM OPINION

This is an appeal from a judgment of the Municipal Court of the Virgin Islands convicting the appellant, Ray Stull, of a violation of 14 V.I.C. § 299, simple assault and battery. The judgment of the court was entered on November 3, 1967, sentencing Stull to a suspended fine of $50.00. From that judgment and sentence he has appealed. For the reasons outlined in this opinion, the judgment of

conviction is vacated and the case is remanded to the Municipal Court with instructions to enter a verdict of not guilty.

## FACTS

Appellant is part owner and manager of Trader Dan's which in the words of his counsel is "a waterfront saloon and poolroom which cannot be expected to attract clientele always likely to maintain the highest degree of order." The record indicates that Stull considered the complaining witness, Matthew, to be a minor troublemaker and that on recent previous occasion had told Matthew to leave the establishment and not come back. It appears, however, that due to the intercession of a police officer, the complaining witness did not leave and was in fact allowed to return. On the night of August 10, when the alleged assault occurred, it appears that Stull heard a disturbance in the upstairs poolroom portion of the bar and upon entering saw the complaining witness standing at the bar arguing with another patron. Stull told him to leave and when Matthew objected, Stull, in his words, "grabbed him by the arm and led him to the door." Stull's characterization of the event is corroborated by the upstairs bartender, Ronald Lucas, who also testified that Matthew was involved in a loud argument with one of the pool players.

While there may be a question of creditability in the testimony of Stull and his employee, Lucas, this characterization of the event appears to have been accepted by the Municipal Court. This is especially true in light of that court's reduction of the charge from aggravated to simple assault based on the court's disbelief of the complaining witness's testimony that Stull had kicked him. The trial judge stated, "From the testimony . . . I can't find beyond a reasonable doubt that this complaining witness was kicked by the defendant. I do, however, find that there was

simple assault and I do find that the techniques used by the defendant were unnecessary under the circumstances. . . ."

OPINION

■ The Municipal Court apparently recognized, as this court does, that the owner of a bar or other public or semi-public place has the right to eject unwanted or disorderly persons from the premises. Indeed, the law is rather clear on this point:

"The owner, occupant, or person in charge of any public or semi-public place of business may request the departure of a person who does not rightfully belong there or who by his conduct has forfeited his right to be there, and may treat him as a trespasser, using reasonable force to eject him from the premises." 1 Wharton's Crim. Law, Sec. 356.

"A person may lawfully eject another from his premises, after requesting him to leave, if he has no right to remain, and he may use such force in so doing as may reasonably be necessary without being guilty of an assault and battery." Clark and Marshall Crimes, Sec. 208.

■ The main thrust of the government's argument is that Stull's action was not predicated upon any investigation of the disturbance nor was Matthew's conduct sufficient to warrant the means used. While this Court's view of the facts differs slightly from that of the government, whether or not a saloonkeeper could forcibly remove a patron for no cause whatsoever, after an ignored request to leave, seems relevant. Absent a statute to the contrary, it would appear that once a patron's license to remain on the premises has been terminated, for whatever cause or lack of it, he becomes a mere trespasser and is subject to being treated as one. See annotations in 9 A.L.R. 379, 33 A.L.R. 417. See also 29 Am. Jur. Innkeepers, Sec. 49. This being so, it only serves to enforce the right of the proprietor to eject one who is causing a disturbance.

■ A civil case, decided by the Supreme Court of Arizona is directly in point. As the elements of civil and criminal assault and battery are essentially identical (compare 14 V.I.C. §§ 291, 292, with Restatement Second, Torts, Secs. 18, 21.), the same defenses would obtain in both situations. Thus, in Ramirez vs. Chavez, 226 P.2d 143, the owner of a combination bar and grocery store ejected a patron who by his profanity and threatening language was, in the opinion of the owner, causing a disturbance. The owner was sued. The Court said:

"Let us first examine the legal status of the parties. Chavez was the owner. . . . As owner and operator . . . Chavez had the legal right to control and to permit those whom he pleased to enter and remain and he also had the right to remove from the store anyone who abused the privilege thus given him. And even though Ramirez was present in his store, Chavez had the right to revoke his licence to remain there at any time he desired and to evict him from the store if he refused to leave when requested. . . according to the testimony of Ramirez, Chavez took him by the left arm and led him out. . . . Such an action on the part of Chavez did not constitute a battery. Chavez in conducting Ramirez out of the store was engaged in the commission of no unlawful or tortious act or of any wrong against Ramirez. We hold that under the circumstances, Chavez was in the exercise of a legal right in removing Ramirez from the store." pp. 145, 146.

■ Under the circumstances of the present case, the Court cannot see how appellant could have used any lesser degree of force in removing Matthew from the premises, an act which he had the right to do. Matthew, in Stull's view, was causing a disturbance. He was told to leave. He objected. Whereupon Stull took him by the arm and led him out. It was not incumbent upon Stull to argue or plead with Matthew. His license to remain on the premises had been terminated, and reasonably so, as the court views the facts. His failure to leave when requested to do so authorized Stull to exercise a reasonable degree of force. Had Stull kicked Matthew, as Matthew alleged, this would

be a different case, but the taking of Matthew by the arm and pushing, pulling, or leading him to the door was, in the Court's opinion, entirely reasonable and in fact the minimal amount of force employable under the circumstances.

The judgment of conviction is vacated with instructions to enter a verdict of not guilty.