574 P.2d 597

Edward JARAMILLO and Bobbie Jaramillo, Plaintiffs-Appellants,

v.

Bill SMITH, Sr., Bill Smith, Jr., Steve Emory, Individually and as a partnership d/b/a the Hitching Post and Randolph L. Den, Defendants-Appellees.

No. 3256.

Court of Appeals of New Mexico.

Jan. 3, 1978.

Writ of Certiorari Denied Jan. 27, 1978.

James R. Toulouse, Toulouse, Krehbiel & DeLayo, P. A., Albuquerque, for plaintiffs-appellants.

Michael P. Watkins, Oldaker & Oldaker, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

Plaintiffs sued defendants for assault and battery arising out of events that occurred at the Hitching Post in Albuquerque at about 1:30 a. m. on February 3, 1976. The jury returned a verdict for defendants, and plaintiffs appeal. We affirm.

This appeal involves plaintiffs' claims of error in the court giving one instruction, and its refusal to give three instructions requested by plaintiffs.

A recitation of all of the events that occurred is unnecessary.

The uncontradicted evidence was that as Mr. Jaramillo, his wife and friends were leaving the Hitching Post at the request of Steve Emory, half owner, Mr. Jaramillo became belligerent and refused to leave the premises. He swung his fist at Emory and hit him on top of the head. Randolph Den, employed as a doorman of the Hitching Post, standing to the right of Emory, believed that the swing was intended for him. He hit Jaramillo in the mouth with his fist, knocked him through the door to the outside of the premises, and Jaramillo was injured.

The facts are in dispute. However, we have often reminded appellants that when a case is on trial, the jury has a duty to determine the facts and arrive at a verdict. These facts are past events that occurred long before trial. They did not walk into the courtroom. The jurors cannot see or

hear the events, and they learn of them only at second hand. This they do by listening to the witnesses for plaintiff and defendant. They see and hear the events through the eyes and ears of witnesses. Usually, the stories told by the witnesses contradict one another as the stories did in this case. The jurors, therefore, must decide which witnesses are accurate and reliable and make a choice of which witness to believe. In this case, the jury believed defendant's witnesses.

The sole issue in this case is whether defendants used reasonable force in ejecting Jaramillo from the premises.

The court instructed the jury as follows:

The owner or manager of a lounge or tavern has the legal right to control it and to admit whom he pleases to enter and remain there, and he also has the right to expel from the premises anyone who abuses the privilege which has been thus given him. *Therefore, while the entry by a person on the premises of another may be lawful, by reason of express or implied invitation to enter, his failure to depart on the request of the owner will make him a trespasser and justify the owner in using reasonable force to eject him.* [Emphasis added.]

Jaramillo objected to the emphasized portion of the instruction because it would mislead the jury; he claimed that this portion of the instruction implied that the owner of the premises could eject a person who had not committed an act of nuisance or disturbance, and this factor was necessary beyond the request to leave. These objections were met as set forth in the first instruction given in which the issues were presented to the jury.

Jaramillo did not object on the ground that the instruction was not the law of this case, nor give any reasons why the rule of law stated in the instruction was incorrect.

The language in the instruction to which objection was made was taken from 6 Am. Jur.2d *Assault and Battery* § 168 (1963). It reads:

Although the entry by a person on the premises of another may be lawful by reason of an express or implied invitation to enter, he may become a trespasser by unlawfully remaining on the premises when he is requested to leave. Upon his failure to leave within a reasonable time, the proprietor of the premises may use such force, and only such force, as is reasonably necessary to eject him, without incurring liability for assault and battery.

Substantial authority is cited in support of this rule of law. In accord: *Government of Virgin Islands v. Stull*, 280 F.Supp. 460 (D.C.Virgin Islands 1968), 6A C.J.S. *Assault and Battery* § 24 (1975); 1 Restatement (Second) of Torts § 77 (1965). On the use of excessive force with a rifle, see *Brown v. Martinez*, 68 N.M. 271, 361 P.2d 152 (1961), 100 A.L.R.2d 1012 (1965).

█ Under the evidence in this case, the instruction given was not erroneous. However, if this instruction is relied on in future cases, it should have inserted therein that the owner must have reasonable grounds for requesting a business invitee to leave. See Restatement, supra, § 77, comment (d) in clause (a).

Plaintiffs' requested instructions refused by the court were as follows:

5. Where a person who refuses upon request to leave a tavern or lounge, does not commit or threaten to commit an act of violence, the tavern keeper or his employees are not entitled to use *deadly force* in order to force the eviction of such persons. [Emphasis added.]

8. *Deadly force* is such force which may endanger life or inflict great bodily injury. Almost any object, including the fists, which as used or attempted to be used, may endanger life or inflict great bodily injury. [Emphasis added.]

9. In considering whether a battery with the fists constituted the use of *deadly force*, you must consider the amount of force used in this particular case. [Emphasis added.]

█ With respect to the requested instructions, plaintiffs rely on *Shramek v.*

*Walker,* 152 S.C. 88, 149 S.E. 331 (1929), and *Johanson v. Huntsman,* 60 Utah 402, 209 P. 197 (1922). Both of these cases support the instructions given by the court. In each case judgment for plaintiff was affirmed because the defendant made violent use of a deadly weapon merely to eject the plaintiff from the premises. In *Shramek,* the defendant used an ax handle, and in *Johanson,* the defendant used a wagon felly, a piece of wood weighing 6 pounds. A "felly" is the exterior rim or segment of the rim of a wheel supported by the spokes. No authority has been cited and none has been found that one blow with a fist, by Den in response to a similar blow by Jaramillo, constituted a violent use of a deadly weapon, or "deadly force" as stated in plaintiffs' requested instructions. The court properly denied plaintiffs' requested instructions.

Whether Den used reasonable force in ejecting Jaramillo from the premises was a question of fact for the jury.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.